## John Thorwarth

*vs.*

## George W. Armstrong *et al.*

Certain mortgaged premises were accurately described in the mortgage, as Lots 26 and 27, in McCloud's subdivision of block two, in Vandenburgh's addition to Hoyt's addition to St. Paul. By mistake of the register, the premises were described in the record of the mortgage, as Lots 26 and 27, in McCloud's subdivision of block two, *in Vandenburgh's subdivision of block two*, in Vandenburgh's addition to Hoyt's addition to St. Paul. There never was any subdivision of block two, except McCloud's. *Held*, that the description in the record is to be construed as the same description should be construed, if found in the mortgage; that the false and impossible particular, added by mistake of the register, should be rejected in construing the record description; that the record description, thus construed, coincides with the description in the mortgage, and the mortgage was therefore properly recorded.

A notice of sale, upon foreclosure by advertisement, thus stated the time and place of sale: "At the front door of the court house, in the city of St. Paul, on Thursday, the 10th day of May, 1860." It appearing that the sale took place on the day named, at the usual hour of making such sales, and was conducted fairly; that the property brought an adequate price; that in the omission to specify the hour of the day, there was no fraudulent intent, and that the mortgagor was in no wise injured thereby. *Held*, that the defect in the notice did not vitiate the foreclosure. (Following *Golcher vs. Brisbin, ante p.* 453, and *Menard vs. Crowe, ante p.* 448.)

Appeal by plaintiff from a judgment of the court of common pleas for Ramsey county. The case is stated in the opinion.

W. P. Warner, for Appellant.

Gilfillan & Williams, for Respondents.

*By the Court.*—YOUNG, J.—This action is brought to set aside the foreclosure of a mortgage, for leave to redeem, and for an account of the rents and profits received by the defendants as mortgagees in possession. From the findings of fact in the court below, it appears that on the 5th September, 1857, Patrick Nash, the plaintiff's grantor, mortgaged to the defendant, Geo. W. Armstrong, the premises in question, situate in Ramsey county, being lots 26 and 27 in McCloud's subdivision of block two, in Vandenburgh's addition to Hoyt's addition to St. Paul, the mortgage containing the usual power of sale upon default. On the same day, the mortgage was recorded in the office of the register of deeds for Ramsey county ; but, by mistake of the register, the mortgaged premises are described in the record of the mortgage as " Lots numbered 26 and 27, in McCloud's subdivision of block two, *in Vandenburgh's subdivision* of *block two*, in Vandenburgh's addition to Hoyt's addition to St. Paul."

The mortgage was afterwards foreclosed by sale under the power, the published notice of sale following the description contained in the mortgage. The sale took place May 10, 1860, and the usual affidavit, certificate, and sheriff's deed were made and recorded. Upon the expiration of the year of redemption, the purchaser at the sale, the defendant John M. Armstrong, took possession, and he and the other defendants, who claim through him by warranty deeds upon adequate consideration, have ever since been successively in actual possession of the premises mortgaged and sold, and in receipt of the rents and profits, paying taxes, &c.

In February, 1873, Nash, the mortgagor, conveyed the premises to the plaintiff, by deed of warranty except against the mortgage. The plaintiff, in April following, demanded possession from the defendant, Keller, then in possession, which being refused, he brought this action.

The plaintiff objects that the mortgage was never duly recorded, and that, therefore, it could not legally be foreclosed by advertisment. (*Pub. Stat. chap.* 75, *sec.* 2 ; *Ross vs. Worthington*, 11 *Minn.* 443 ; *Morrison vs. Mendenhall*, 18 *Minn.* 236.

The court below has found, " that at the date of said mortgage, there was, and ever since has been a subdivision known as McCloud's subdivision of block two, in Vandenburgh's addition to Hoyt's addition to St. Paul, and the plat thereof was then, and ever since has been of record in the office of said register of deeds; but it appears that there never was any Vandenburgh's subdivision of block two in said Vandenburgh's addition, nor any other subdivision thereof except McCloud's, nor was there ever upon record any plat of any other subdivision." That particular in the description in the record, which was inserted by mistake of the register, is, therefore, not only false, but impossible, the court having found that there was never any subdivision of block two except McCloud's. The record description, so far as it is false, applies to no subject at all ; so far as it is true, it applies to one only, and that the lots described in the mortgage.

Rejecting the false and impossible particular, the description in the record is in all respects identical with that in the mortgage, which is admitted to be an accurate description of the premises in question. If then, this false particular had been inserted in the description contained in the mortgage, the case would fall clearly within the rule, that " if there are certain particulars, once sufficiently ascertained, which designate the thing intended to be granted, the addition of a circumstance false or mistaken will not vitiate the grant." *Jackson vs. Clark*, 7 *Johns.* 223 ; *Jackson vs. Loomis*, 18 *Johns.* 81 ; *Worthington vs. Hylyer*, 4 *Mass.* 196 ; *Morrell vs. Fisher*, 4 *Excheq.* 604 ; and see *Anderson vs. Baughman*, 7 *Mich.* 69, a case much like the present.

Thorwarth v. Armstrong et al.

As this record description would be sufficient, if found in the mortgage, to identify the premises in question as the property mortgaged, so it must have the same effect when found in the record of the mortgage, although the false portion of it does not occur in the mortgage itself. The purpose of the record is to give notice of the existence and contents of the instrument recorded, and the purpose of the statute requiring mortgages to be recorded, as a condition of foreclosure by advertisement, was " to make the contents of the mortgage, and, so far as the statute goes, the title to the mortgage, matter of record." (*Morrison vs. Mendenhall, supra.*) A person reading the true record of a mortgage, is affected with the same notice of its contents as if he had read the mortgage itself. (*Simmons vs. Fuller*, 17 *Minn.* 489.) This description being sufficient, if inserted in the mortgage, to identify the premises in question, and to inform any person reading the mortgage that it conveyed such premises, the same description occurring in the record copy of the mortgage, must give the same information. The record is, therefore, sufficient, for no more can be required of a record than that it give the same information that would be furnished by inspection of the instrument recorded.

The time and place of sale were thus stated in the notice: " The above described mortgaged premises will be offered for sale at public auction, at the front door of the court house, in the city of St. Paul, on Thursday, the 10th day of May, 1860," &c. In *Golcher vs. Brisbin, ante p.* 453, we held a notice good, which merely designated " the court house in the city of St. Paul," as the place of sale, although in that case the sale was recent, having taken place in 1871. In *Menard vs. Crowe, ante p.* 448, the omission to specify the hour, in a notice specifying the day of sale, was held not to avoid a sale which took place November 7, 1859. In this case, moreover, the court below

has expressly found that the property brought an adequate price, that the sale took place at 10 o'clock A. M., the usual hour of making judicial sales and sales upon foreclosure, and was conducted fairly ; that in the omission to specify the hour of the day, in the notice, there was no fraudulent intent, and that the mortgagor was in nowise injured thereby.  In view of these findings, we see no reason for disturbing this ancient foreclosure.

Judgment affirmed.