## HENRY THORP *vs.* JOANNA MERRILL.

### Feb. 27, 1875.

**Error in Record of Mortgage—Foreclosure by Advertisement Invalid.**—Certain mortgaged premises are described in a mortgage as the "west half of the southeast quarter of section fourteen," etc. In the record attempted to be made of said mortgage in the registry of deeds, the mortgaged premises are described as the "west half of the northeast quarter of section fourteen," etc. *Held*, that the effect of this error in the record is that the mortgage is not recorded, and that, therefore, a foreclosure of the same by advertisement is invalid and wholly ineffectual.

**Effect of Certificate of Record.**—Section 1, ch. 53, Laws 1870, provides "that it shall be the duty of every register of deeds to endorse upon every instrument recorded by him, over his official signature, the time when it was received, and the book and page in which it was recorded; and every instrument shall be considered as recorded at the time as noted." Whether this provision of statute has any application to an instrument so mis-recorded as to be in effect not recorded at all, *quære*. At most, however, the provision goes no further than to make the certificate, (either with or without the entry after the record provided for in § 155, ch. 8, Gen. Stat.,) conclusive as to the time of the receipt and record of an instrument recorded.

Plaintiff made complaint before a justice of the peace, under § 11, ch. 84, Gen. Stat., alleging that he was the assignee of the purchaser of certain mortgaged property, at a sale upon foreclosure by advertisement; that the year allowed for redemption had expired; and that defendant, a grantee of the mortgagor, continued in possession of the premises, and refused to surrender the same, though often requested. The defendant, in her answer, admitted the execution of the mortgage (from one Hunter to one Smith) and the mortgagor's title, but denied that the mortgage was ever recorded, or ever lawfully foreclosed, or that the mortgaged premises were ever lawfully sold at any foreclosure sale to plaintiff's assignor, or to any other person.

It appearing from the evidence, upon the trial before the justice, that the title to real estate was involved, he certified the action to the district court for Dakota county, where it was tried before *Crosby*, J., a jury being waived. The judge found, among other facts, that the attempted record of the mortgage was erroneous in the particular mentioned in the opinion; and, as conclusions of law, that the mortgage could not be foreclosed by advertisement, unless recorded; that it was not so recorded as to authorize a foreclosure by advertisement; and that it had not been legally foreclosed. He, therefore, ordered judgment for the defendant, which was entered, and plaintiff appealed.

*Gordon E. Cole*, for appellant. The courts have usually held that the recording of the mortgage is for the benefit of the purchaser, to furnish him record evidence of his title, and that the mortgagor cannot take advantage of any omission to record. *Wilson* v. *Troup*, 2 Cowen, 235: *Jackson* v. *Colden*, 4 Cowen, 378; *Montague* v. *Dawes*, 12 Allen, 402.

*J. M. Shaw*, for respondent.

BERRY, J.[1] 1. In the mortgage from Hunter to Smith, the mortgaged premises are described as " the west half of the southeast quarter of section fourteen," etc. In the record attempted to be made of the mortgage in the regis-

[1] Cornell, J., having been of counsel, did not sit in this case.

22

try of deeds, the mortgaged premises are described as "the west half of the northeast quarter of section fourteen," etc. The effect of the error in the record is that the mortgage is not recorded; and as to *entitle any party* to foreclose a mortgage by advertisement it is "requisite" that the same should have been "duly recorded," (Gen. Stat., ch. 81, §§ 1, 2,) it follows that the attempted foreclosure under which the plaintiff claims title, is invalid and wholly ineffectual, the mortgage sought to be foreclosed not having been so recorded. *Ross* v. *Worthington*, 11 Minn. 438, 443; *Morrison* v. *Mendenhall*, 18 Minn. 232, 236, 241. We do not at all assent to the doctrine of the authorities cited by counsel for plaintiff, to the effect that the statute, in requiring a mortgage to be recorded before foreclosure by advertisement, has in mind the protection and benefit of the purchaser at the foreclosure sale only. The requirement is for the benefit of all parties interested, and, among others, of the mortgagor and those who claim under him. That the record should correctly show the authority of the mortgagee or his assigns to sell, is important to the mortgagor, because it is for his interest that the title should be as marketable as it may be, since he may be liable for a deficiency; and it is important to the mortgagor, or those claiming under him, because they may be entitled to a surplus.

2. Upon the back of the mortgage was the usual certificate of the register of deeds, stating that the mortgage was filed for record on a day named, and "was duly recorded in book F," etc. The plaintiff's counsel contends that this certificate is to be regarded as *conclusive* upon the point of a valid record at the date of the certificate, under § 1, ch. 53, Laws 1870, which provides "that it shall be the duty of every register of deeds to endorse upon every instrument recorded by him, over his official signature, the time when it was received, and the book and page in which it was recorded; and every instrument shall be considered as recorded at the time so noted." It may well be doubted whether this provision of the statute has any application to

an instrument which is so mis-recorded as to be, in effect, not recorded at all, as is the case with the mortgage here in question.   But however this may be, our opinion is that the provision goes no farther, at most, than to make the certificate, either with or without (it is unnecessary now to decide which) the entry after the record, provided for in § 155, ch. 8, Gen. Stat., conclusive as to the time of the receipt and record of an instrument recorded.

Judgment.affirmed.