St. Croix Land & Lumber Co. vs. Ritchie.

| | |
|---|---|
| 73 | 409 |
| 73 | 650 |
| 73 | 409 |
| 74 | 131 |
| 73 | 409 |
| 78 | 493 |
| 79 | 377 |
| 79 | 669 |
| 73 | 409 |
| 88 | 333 |

ST. CROIX LAND & LUMBER COMPANY, Appellant, vs. RITCHIE, Respondent.

*January 14 — January 29, 1889.*

REGISTRY OF DEEDS. *(1) Clerical errors: Tax deeds. (2) Index: Omission of description of land: Recording at length. (3) Presumption as to time of recording.*

1. The registry of a conveyance of land is not invalidated by a mere clerical error in transcribing the instrument, not affecting the sense or obscuring its meaning. So *held,* where in copying upon the record a tax deed in the statutory form, the word *is* was omitted from the formula " as the fact is," where it occurs the second time in such deed.

2. The omission from the general index of the description of the land affected by the instrument entered therein for record, is cured by correctly recording the instrument at length in the proper record book, and from the time the instrument is so recorded at length the registry is valid and effectual.

3. Nothing appearing to the contrary, the presumption is that a conveyance was recorded at length on the day it was received for record in the register's office.

APPEAL from the Circuit Court for *Taylor* County.

The action is replevin, brought to recover the possession of a quantity of pine saw-logs cut by the defendant between January 1 and March 1, 1888, upon certain lands alleged

to belong to the plaintiff company, and by him removed therefrom. The complaint alleges that the entry by defendant upon such lands, the cutting and removal of the logs, and the subsequent detention thereof by the defendant, were unlawful and wrongful. The answer denies plaintiff's title to the land; alleges that the logs were so cut and removed by the defendant under a license from the real owners of the land; that the plaintiff's only claim of title is under a certain void tax deed, and that the three years statute of limitation has run against such deed. It is not alleged in the complaint, nor was it proved upon the trial, that the plaintiff was ever in the actual possession of the land from which the logs were taken. Such land seems to have always been vacant and unoccupied.

The cause was tried by the court, a jury having been waived. To prove its right to recover the logs, the plaintiff put in evidence a tax deed of such land, dated August 20, 1880, executed in due form to Taylor county pursuant to a sale of the land in 1876 for nonpayment of taxes thereon, with the certificate of the proper register of deeds thereon showing that such tax deed was received for record on the day it bears date. Also the entries in the general index and the index of grantees, which the register is required by statute (R. S. secs. 759, 760) to make and keep, and the record at large of such tax deed in the volume and on the page indicated in such indexes. It was stipulated by the parties that the plaintiff had acquired all the title which Taylor county took under the tax deed; also that in May, 1882, sufficient money was deposited by the defendant with the proper county clerk to redeem the land in question from the tax sale thereof in 1876, which sale is the basis of the tax deed to Taylor county.

The form of such tax deed is a literal compliance with the statute prescribing the same. R. S. sec. 1178. But in copying the deed upon the record the register omitted the

word "is" from the formula "as the fact is," where the same last occurs in the tax deed, recording only the words, "as the fact." The entries in the general index comply with the statute requirements in that behalf (R. S. sec. 759), except there is no entry under the head, "Description of Land."

On the foregoing facts the circuit court held that the plaintiff could not recover, and judgment was entered dismissing the complaint with costs. The plaintiff appeals from the judgment.

For the appellant there was a brief by *Clapp & Macartney*, of counsel, and oral argument by *N. H. Clapp*. The omission of the word *is* in the record of the deed *in extenso* was an immaterial clerical error, not affecting the record. Wade on Notice, secs. 152–3, 162, 170; *Wyatt v. Barwell*, 19 Ves. Jr. 435; *Ince v. Everard*, 6 Term, 545; *Partridge v. Smith*, 2 Biss. 183; *Lybrand v. Haney*, 31 Wis. 233; *Austin v. Holt*, 32 id. 489; *Scheiber v. Kaehler*, 49 id. 303; *Bulger v. Moore*, 67 id. 430. The indexing of the deed was sufficient. *Oconto Co. v. Jerrard*, 46 Wis. 317; *Jones v. Berkshire*, 15 Iowa, 248; *Barney v. Little*, id. 527; *Calvin v. Bowman*, 10 id. 529; *White v. Hampton*, 13 id. 260; *Bostwick v. Powers*, 12 id. 456; *American Emigrant Co. v. Call*, 22 Fed. Rep. 765–7; *Disque v. Wright*, 49 Iowa, 541; *Sinclair v. Slawson*, 44 Mich. 123.

*W. F. Bailey*, for the respondent.

The following opinion was filed January 29, 1889:

Lyon, J. The plaintiff company never having had the actual possession of the land upon which the logs in controversy were cut by the defendant, it became essential to its right of action to show, by proof of other facts, that it was entitled to the possession of the logs. The plaintiff attempted to show this by proof that it was the owner in fee of the land and hence was in constructive possession

thereof (the same being vacant) and entitled to the possession of the logs wrongfully taken therefrom. But such proofs show that its title was derived exclusively from the tax deed of the land to Taylor county. Such deed did not confer upon the grantee therein, or upon the plaintiff, who is the grantee of Taylor county, the constructive possession of the land or the right to the possession of the logs wrongfully taken therefrom, or bar the right of redemption from the tax sale, unless the same was properly recorded. *Hewitt v. Week*, 59 Wis. 444; *Semple v. Whorton*, 68 Wis. 626; *Fleming v. Sherry*, 72 Wis. 503.

Was there an effectual recording of the tax deed? Certainly there was, unless the omission of the word "is" in copying the deed upon the record, or the omission of the description of the land from the entries of the deed for record in the general index, invalidates the record. In all other respects the record is faultless.

1. We are not aware of any rule of law which invalidates a registry because of a mere clerical error in transcribing an instrument, not affecting the sense or obscuring its meaning. Such a rule would be intolerable, for it would unsettle titles by making their validity depend upon the absolute accuracy of the registration and record of conveyances,— a degree of perfection to which records made by the average register of deeds have not yet attained.

The formula "as the fact is" occurs twice in the tax deed to Taylor county, as it does in the statutory form of such deeds. R. S. sec. 1178. As first employed, the whole formula is recorded correctly. But in recording it when it is repeated in the deed the word "is" was dropped out, and only the words "as the fact" spread upon the record. Giving to the phrase all the importance claimed for it, still we can but think the omission quite inconsequential and harmless. It is a mere ellipsis of a word,— not authorized, perhaps, by the strict rules of rhetoric, but yet one which

does not change or obscure the meaning of the phrase. Especially is this so in view of the fact that the phrase appears fully in an earlier portion of the record of the tax deed. One reading such record first finds the full formula " as the fact is," then he finds it again shorn of its verb, yet manifestly inserted and used for the same purpose as the full formula. He knows also that the statute calls for the omitted verb. No person of average intelligence could possibly be misled by the omission, or find the least difficulty in supplying the missing verb. Without it, the phrase asserts the truth of certain recitals of fact in the deed, and does no more with the verb expressed. We hold the omission to be a mere clerical error, not affecting the identity of the instrument recorded or the validity of the record, and which would not have affected the validity of the tax deed had it occurred therein.

The case of *Hilgers v. Quinney*, 51 Wis. 62, establishes no other or different rule. In that case a tax deed was held invalid for substantial defects in the affidavit of the. treasurer of posting notices of the tax sale. We had there no question, as we have here, of the effect of a mere clerical omission not affecting the sense of the instrument.

2. The omission to enter a description of the land under the appropriate head in the general index is cured by the transcribing of the deed at length, containing such description, in the proper record. This case is not distinguishable in principle from that of *Oconto Co. v. Jerrard*, 46 Wis. 317, where it was held that the omission in the general index of the description of the land conveyed by the deed was cured by correctly transcribing the deed at large on the record, and that, when so transcribed, there was a valid registry of the instrument. In that case there was a special reference in the index to the volume and page of such record, while here there is no such special reference. But the index in the present case shows, under the appropriate head,

the volume and page where the deed is recorded. We discover no difference in principle in the two cases. A person examining either index is referred to the place where the record at large may be found, and neither contains any in-information not found in the other. We think *Oconto Co. v. Jerrard* rules this case as to the effect of such omission in the general index. *Pringle v. Dunn,* 37 Wis. 449, substantially holds the same rule. The rule thus adopted by this court has remained in force for several years, and doubtless many titles have been approved and estates purchased and sold on the faith of it. To repudiate the rule at this late day would be a violation of the judicial maxim *stare decisis.* We must, therefore, adhere to it.

The learned counsel for the defendant relies upon the cases of *Shove v. Larsen,* 22 Wis. 142; *Hay v. Hill,* 24 Wis. 235; and *Lombard v. Culbertson,* 59 Wis. 437, as holding a different rule. *Shove v. Larsen* decides that a correct description of the land in the index cures a mistake in the description in the record at large of the deed. *Hay v. Hill* is to the effect that where the index, although correct, bears upon its face evidence that it was made after the land affected by it had been conveyed to another, the last grantee was not chargeable with constructive notice, when he took his conveyance, of the deed thus indexed afterwards. *Lombard v. Culbertson* holds that the transcribing of an instrument at length upon the record, concerning which instrument there are no entries whatever in the index, is not a valid registry thereof. Although language may be found in some of the opinions in these cases which seems to favor the contention of counsel, yet we think it quite obvious that neither of the cases conflicts with the rule of *Oconto Co. v. Jerrard,* which is here approved and followed. The precise proposition here decided is that the omission from the general index of the description of the land affected by the instrument entered therein for record, is cured by correctly

recording the instrument at length in the proper record book, and that from the time the instrument is so recorded at length the registration is valid and effectual. We do not determine the effect of a misdescription of the land in the general index, or of any other error or omission therein.

Nothing appearing to the contrary, the presumption is that the deed was recorded at length on the day it was received for record in the register's office. *Oconto Co. v. Jerrard, supra.*

Cases elsewhere, under statutes differing from ours, were cited by counsel in support of their respective views. These cases give us little aid. We must determine this case (and have done so) in the light of our own statutes and adjudications.

It results from the foregoing views that the tax deed under which the plaintiff claims was duly recorded August 20, 1880. Hence the attempted redemption in 1882 is inoperative, and the three-years statute of limitation had run in favor of such deed long before the logs in question were taken from the land by the defendant. The plaintiff was therefore the owner in fee and in constructive possession of the land when the logs were taken from it, and is entitled to recover such logs in this action.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded with directions to render judgment for the plaintiff in accordance with this opinion.

The following opinion was filed March, 12, 1889:

BY THE COURT. As stated in the opinion herein heretofore filed, the action is replevin for saw-logs. It was tried by the court (a jury having been waived), and resulted in a judgment dismissing the complaint. It is not there stated, but the fact is, the order for judgment was made on motion

of the defendant at the close of plaintiff's testimony. The defendant introduced no testimony. The judgment is, therefore, in the nature of a judgment of nonsuit.

In the judgment of this court entered January 29, 1889, the circuit court was directed to render judgment for the plaintiff. This mandate is manifestly erroneous. It should be that a new trial be awarded. The clerk is directed to amend the judgment heretofore entered accordingly.