WILLIAM G. WHITACRE *vs.* PAUL MARTIN *et al.*

Argued Oct. 27, 1892. Decided Nov. 29, 1892.

**Registry—Failure to Index.**

Where a judgment decree entered against more than one party, or a certified copy thereof, has been filed for record and recorded as provided in Laws 1887, ch. 61, § 1, one of the parties against whom such decree has been duly indexed and entered in the reception books kept in the office of the register of deeds cannot take advantage of a failure to index and enter said decree against another party.

**Reception Books—Form of.**

The statute (1878 G. S. ch. 8, § 177) prescribing a form for each page of the reception books does not require a column to be headed "Description of Property." It is therefore immaterial that in a column so headed nothing but the words "See record" appeared.

**Evidence—Presumption as to Time of Recording.**

Entries made in reception books as to the time an instrument was received for record are competent evidence in connection with the record itself, as to such time, and, nothing appearing to the contrary, the presumption is that an instrument left for record was recorded at length on the day it was received for that purpose. Therefore it is immaterial that, when making the entry required by the last paragraph of said section 177, the register of deeds failed to state the year in which the record was made.

Appeal by plaintiff, William G. Whitacre, from an order of the District Court of Ramsey county, *Kelly,* J., made February 6, 1892, refusing his application for a new trial.

Action under 1878 G. S. ch. 75, § 2, to determine the adverse claims of defendants Paul Martin, Henry J. Peters, Joseph Minea

and others to unoccupied lots two (2) and three, (3,) in block fifteen, (15,) of Morrison's Addition to West St. Paul. Minea answered, claiming to own lot three (3.) Peters answered, claiming to own lot two (2.) The issues were tried December 17, 1891, before the court without a jury. Plaintiff darraigned title from the Federal Government through several mesne conveyances. Defendants contended that plaintiff had lost his title as follows:

Taxes for the years 1875, 1876, 1877 and 1878 were assessed upon the lots; they were not paid, but were returned delinquent, and tax judgments were afterwards obtained in the District Court of Ramsey county against the lots for these taxes. The lots were offered for sale pursuant to the judgments and were bid in by the state, and the certificates of sale afterwards assigned to Samuel D. Lord. On May 24, 1883, Lord brought an action in that court against William G. Whitacre and all other persons or parties unknown, claiming any right, title, estate, lien or interest in the lots, to quiet his title and claiming to be owner of the lots under these sales for taxes. The summons was served by publication; no one appeared in that action, and on October 4, 1882, Lord obtained judgment by default that all adverse claims of Whitacre and of all others were invalid and groundless, and that Lord was the true and lawful owner of the lots and that his title thereto be quieted, and that Whitacre and all others be perpetually estopped from setting up any claim to the lots, and that a certified copy of that judgment be recorded in Ramsey County Registry of Deeds. A duly-certified copy of this judgment was on October 8, 1883, so recorded. The defendants Minea and Peters, relying on this judgment, bought of Lord on April 15, 1885, the lots severally claimed by each, and paid him their full market value, and took deeds without notice of any defect in his title. Whitacre had no actual notice of the commencement or pendency of that action until May 11, 1888. He made application to the court on November 17, 1888, to open the judgment, and allow him to file an answer and defend his title. His application was granted, and the issues so made were tried May 8, 1889, and a final judgment was entered therein that Lord's tax titles were void and that Whitacre owned the lots.

Laws 1887, ch. 61, provides in substance that no relief granted in opening a default and allowing a defendant to answer and have a trial on the merits, shall operate to affect any title to, or estate in, real estate as against a *bona fide* purchaser, where the judgment has been recorded in the Registry of Deeds for three years prior to the date of the application to open the default.

Whitacre claimed that Minea and Peters were not protected by this Act, that the certified copy of the Lord judgment of October 8, 1883, was not properly recorded in the Registry of Deeds, three years prior to his application to set it aside. The evidence in regard to this record and the facts as found by the trial court on this point are stated in the opinion.

Findings were made and judgment ordered for the defendants. The plaintiff moved for a new trial, and being denied, appeals.

*Charles J. Berryhill*, for appellant.

1878 G. S. ch. 8, § 177, requires the register to note upon the record *in extenso* the time of the day, month and year when the instrument is recorded. If the original instrument had not been produced the record would not upon its face show that it had been made the number of years provided in the act. The court however received, without objection, it is true, four pages of the same book preceding and six pages of the same book following this record of the instrument, and inasmuch as they were all recorded October 8, 1883, it held that this judgment was recorded on the same day. To help out further, both the indexes were admitted in evidence.

The certificate on the original instrument was not conclusive evidence of the date of record where the book *in extenso* showed the judgment to be recorded without any notation on the record itself as to the year in which it was recorded. The purposes of a record, considered from the standpoint of a notice to subsequent purchasers for value, was very different when relied upon to set the statute of limitations in motion. In the one case the instrument is notice from the date of index whether actually recorded or not, if recorded afterwards within a reasonable time. In the other nothing but complete performance by the register, by actual copying onto the record book,

will satisfy the requirements of Laws 1887, ch. 61. The law casts the duty upon the party relying for protection upon the record, to prove that a complete record was made. The statutes of some states, bar relief against tax deeds recorded for a certain time. The decisions under those statutes are exactly in point in this case and those arising under the ordinary registry acts, are not. *Thorp* v. *Merrill*, 21 Minn. 336; *Drew* v. *City of St. Paul*, 44 Minn. 501; *Barney* v. *Little*, 15 Iowa, 527; *Handley* v. *Howe*, 22 Me. 560; *Nickson* v. *Blair*, 59 Iowa, 531; *Scott* v. *Doe*, 1 Hempst. 275; *Bigelow* v. *Topliff*, 25 Vt. 274; *Laird* v. *Kilbourne*, 70 Iowa, 85.

The judgment was rendered against other defendants than Whitacre, but the indexes introduced, show an indexing only as to him and not as to his codefendants. The statute requires an index as to each person affected by the instrument. Not being indexed as to his codefendants in the judgment, it was not recorded as to him, because a record as to all is required by the statute. In this state the index is a part of the record when properly made. *Gaston* v. *Merriam*, 33 Minn. 271; *Shove* v. *Larsen*, 22 Wis. 142.

The indexes introduced did not contain a description of the property under that heading. The words were "see record." This was insufficient. *Mapes* v. *Commissioners of Olmsted Co.*, 11 Minn. 367, (Gil. 264;) *Lombard* v. *Culbertson*, 59 Wis. 433; *Hiles* v. *Atlee*, 80 Wis. 219; *Oconto Company* v. *Jerrard*, 46 Wis. 317.

*Edward P. Sanborn* and *J. B. & W. H. Sanborn*, for respondents.

The evidence shows that the certified copy of this decree was recorded October 8, 1883, even if the figures 1883 were omitted from the entry at the foot of the record of it, in the book of deeds. The entry which the statute directs the Register of Deeds to make at the foot of the record of an instrument, is not the record, or any part of the record of the instrument itself. This entry is not to be made until after the instrument itself has been spread upon the record. This is simply one place where the register is directed to note the time when an instrument is recorded. The omission to note the time here at the foot of the record, does not invalidate the recording. Washburn, Real Prop. 578; *McLarren* v. *Thompson*, 40 Me. 284.

No person could be misled or deceived by the omission of the register to note the year 1883, at the bottom of the page on which this decree was recorded. The grantor and grantee indexes showed the date when this instrument was filed for record and where it was recorded. The entries in these indexes operate as constructive notice of all the facts therein entered in accordance with the requirements of the statute. *Pringle* v. *Dunn*, 37 Wis. 449; *Maxwell* v. *Hartmann*, 50 Wis. 660: *Gaston* v. *Merriam*, 33 Minn. 271; *Barney* v. *Little*, 15 Iowa, 527; *Shove* v. *Larsen*, 22 Wis. 142; *Sinclair* v. *Slawson*, 44 Mich. 123.

The fact that the names of all the defendants in that decree were not entered in the indexes cannot affect the plaintiff in this case. The decree was indexed under his name, and that is enough so far as he is concerned.

Under the column headed "Description of Property," was the entry, "See Record." This was sufficient compliance with the provision of the statute requiring the register to enter where situated. *Oconto Company* v. *Jerrard*, 46 Wis. 317; *American Emigrant Co.* v. *Call*, 22 Fed. Rep. 765; *Calvin* v. *Bowman*, 10 Iowa, 529; *White* v. *Hampton*, 13 Iowa, 260; *Bostwick* v. *Powers*, 12 Iowa, 456; *Lane* v. *Duchac*, 73 Wis. 646; *St. Croix L. & L. Co.* v. *Ritchie*, 73 Wis. 409.

COLLINS, J. Although several assignments of error are made by counsel for appellant in this case, they raise practically but one question, which is as to the recording of a certified copy of the judgment decree introduced in evidence by the respondents. If this copy was of record in the office of the register of deeds for Ramsey county, in which was situated the real property herein involved, on the day that the register certified in his indorsement on the instrument itself, —October 8, 1883,—the respondents, being *bona fide* purchasers, were protected by the provisions of Laws 1887, ch. 61.

To establish the fact of this record the respondents introduced in evidence the original certified copy of the decree, on which the register of deeds had indorsed in due form that it was filed for record in his office on the day last mentioned, and was duly recorded in Book 120 of Deeds, pages 203–205. They also introduced in evi-

dence the record itself, as found in the Book of Deeds before mentioned, including the entry provided for in the last paragraph of 1878 G. S. ch. 8, § 177, from which it appeared that the instrument was recorded on October 8, 1883, at 11 o'clock A. M. This was followed by the introduction of certain portions of the grantees' and grantors' reception books kept in the register's office as required by the provisions of the first paragraph of said section 177. These reception books were not objected to, and the only points made in respect to their insufficiency as proof for any purpose are that, as the judgment was against other defendants than Whitacre, the present plaintiff, and was only indexed against him in the reception books, the decree was not properly entered or recorded as against him; and, further, that in these reception books, under the heading "Description of Property," nothing appeared but the words "See record." As to the first objection it is sufficient to say that the judgment decree was duly indexed and entered as against the plaintiff herein, Whitacre. Other defendants, against whom the judgment was rendered, might take advantage, probably, of the omission to index and enter under the initial letters of their surnames, as required by the terms of section 177, *supra*, but the omission was of no avail to him.

The second objection mentioned may be disposed of by calling attention to the fact that, in the form prescribed for a division of each page of the reception books into seven columns, there is no provision for a column to be headed "Description of Property," as assumed by appellant's attorney. It was therefore of no consequence that under such a heading nothing appeared but the words "See record." In this connection, however, it may be well to call attention to the following authorities: *Bostwick* v. *Powers*, 12 Iowa, 456; *Barney* v. *Little*, 15 Iowa, 527; *Oconto Co.* v. *Jerrard*, 46 Wis. 317, (50 N. W. Rep. 591;) *St. Croix Land & Lumber Co.* v. *Ritchie*, 73 Wis. 409, (41 N. W. Rep. 345, 1064;) *Lane* v. *Duchac*, 73 Wis. 646, (41 N. W. Rep. 962;) *American Emigrant Co.* v. *Call*, 22 Fed. Rep. 765.

The counsel for appellant devoted much time to the fact, assigned as error, that he was not allowed to show upon the trial that the register of deeds, when making the entry immediately following the

record as to the time of the recording, omitted therefrom the year; and that the figures "1883" were inserted and interpolated after this action was commenced.   His claim was, and it seems to have been well founded, that for more than seven years after October 8, 1883, the year in which the copy was recorded at length did not appear in the entry before referred to, and was then improperly written in the same.   There has been no suggestion that the certified copy was not actually recorded on the day it was received for record as shown by the reception books, or "indexes," as these books are frequently called, and, nothing appearing to the contrary, the presumption is that the reception and record were contemporaneous acts, and that the copy was recorded at length on the day it was received for that purpose in the register's office.   *Oconto Co.* v. *Jerrard* and *St. Croix Land & Lumber Co.* v. *Ritchie, supra.*   The entries in the reception books were certain and complete, clearly establishing the fact that the instrument was filed for record October 8, 1883, at 11 A. M., and was recorded in Book 120, on page 203.   This was followed by the introduction of the record itself, in corroboration of the entries just referred to.   The fact was established without reference to the entry in which appellant's counsel claims there was an omission, and hence the court was right in refusing his offer to prove that the year of the record had not appeared therein until within a few months prior to the trial.   To adopt the views of counsel would require us to hold that, although there is evidence of the very highest character elsewhere in the records, the fact of the recording of an instrument and the time it was recorded can only be shown by means of a single entry, which, in the nature of things, cannot be made until the recording has been completed, and consequently—in point of time—after such completion.   The entries required by law to be made in the reception books, and the transcribing of the instrument into the record book, constitute the full record, and are sufficient evidence of the fact of the record and the time when made.   Proof of either cannot be made to wholly depend upon a subsequent entry.

We have made no allusion to the effect of the introduction in evidence of several pages of the book immediately preceding and succeeding the pages on which the copy was recorded, as before stated,

because the case, as presented to us, fails to disclose the contents of these pages. We are not advised as to the materiality or relevancy of this evidence.

Order affirmed.

(Opinion published 53 N. W. Rep. 806.)

