### CLIFFORD LATOURELL v. FLORA A. HOBART.[1]

December 15, 1916.

Nos. 19,941—(69).

**Facts.**

1. A deed as recorded in full described land as in section 32, town 39, range 19, Pine county, Minnesota. There was no such section and town in range 19 in Pine county, or in Minnesota. The grantor owned land in section 32, town 39, range 22, Pine county, Minnesota. The register of deeds' reception book contained this latter description.

**Intent of grantor — evidence.**

2. These facts and other circumstances make it clear that the grantor intended to convey lands in section 32, town 39, range 22.

**Mistake — evidence as to where it was made.**

3. The same facts make it clear that the mistake was in the record *in extenso* and not in the drafting of the deed.

**Deed — secondary evidence admissible.**

4. Sufficient foundation was laid for secondary evidence of the contents of the deed.

**Record — notice of purchaser — statutory entries in reception book.**

5. The entries in the reception book were required by statute, and the statute contemplated that they be made when the deed was received for record. These entries and the transcribing of the instrument into the record book together constitute the full record of the deed, and a purchaser is affected with notice of any facts which either book contains with reference to the title of his proposed grantor.

Application to the district court for Pine county to register title to certain real estate. Flora A. Hobart, who claimed an interest in the property, filed her separate answer in which she alleged that she was the owner of the whole of said land in fee and entitled to its possession. The application was heard before Stolberg, J., who made findings and ordered

[1]Reported in 160 N. W. 259.

judgment in favor of plaintiff. From an order, Nethaway, J., denying her motion for a new trial, Flora A. Hobart appealed. Reversed and new trial granted.

*A. R. Taylor* and *C. A. Pidgeon,* for appellant.
*George A. & C. H. MacKenzie,* for respondent.

HALLAM, J.

1. This is an appeal in a Torrens proceeding brought to register title to 120 acres of land in section 32, town 39, range 22, in Pine county, Minnesota. In 1856, James D. Skinner owned this and other land in Pine county. On December 12, 1856, he made and delivered to Wilbur M. Hayward a warranty deed, through which appellant claims. This deed was recorded January 21, 1857. In the reception book, in the columns headed "where situated," the land is described as above. On the record *in extenso,* the land is described as in Pine county, and the description is as above indicated, except that the range is 19 instead of 22. The Hayward title passed through several mesne conveyances, until in March, 1900, it was acquired by appellant. In all these deeds the description is range 22. Skinner died in 1881. In 1902, Douglas Greeley, auditor of Pine county, apparently cognizant of this condition of the record of the Skinner-Hayward deed, procured quitclaim deeds from the heirs of Skinner, and the alleged title obtained by Greeley passed through mesne conveyances into the hands of respondent. The trial court simply found that respondent was the owner of the land. The question is, is this finding sustained by the evidence?

Inasmuch as the court found that appellant has no title, to overcome that finding appellant must make it appear that every essential to a valid title has been clearly and palpably proven. Appellant's position is that the deed to Hayward correctly described the land, that the error was made in the record *in extenso,* and that the entries in the reception book and the deed record, taken together, are constructive notice of the conveyance in fact made.

2. There is no doubt that a mistake was made, either in the deed or in the record of it. The surrounding facts leave no doubt that Skinner intended to convey to Hayward his land in range 22, and supposed he had done so. The land is described as in Pine county. Skinner owned the

described portions of section 32, town 39, range 22. There is no section 32, town 39, range 19, in Pine county, or anywhere in Minnesota. Twelve deeds of Pine county land were executed by Skinner to Hayward the same day this deed was executed, and recorded on the same day it was recorded. Ten of them described land in range 22, and four of them described land in section 32, town 39, range 22. On the same day this deed was given, Hayward mortgaged the land in controversy, giving the correct description. The deed and mortgage were recorded together. Skinner lived for 25 years after this transaction. During all this time he made no other conveyance of it, nor exercised any acts of ownership over it, and he died without having devised it. These facts, taken in connection with the entries in the reception book, make clear the fact that a mistake was made somewhere, either in drafting the deed or in recording it.

3. We are disposed to go further and to hold that this evidence requires a finding that the deed did correctly describe the land, and that the mistake was in the record. This conclusion is founded largely on the entry in the reception book. If the deed had called for range "19," it seems beyond reasonable probability that a register of deeds, with his attention fixed upon the description as he picked it out of the deed to place it in the appropriate column of the reception book, should not only fail to write "19," but should also hit upon the number of the range which the scrivener should have inserted in the deed.

We should have reached this conclusion were there no precedent to guide us, but we think the decision in Gaston v. Merriam, 33 Minn. 271, 22 N. W. 614, is decisive of the question. In that case, as here, the entry in the reception book and the record *in extenso* disagreed. The reception book described the "west half of southeast quarter of southwest quarter," whereas the deed record described only "the west half of the southeast quarter." There, as here, the grantor owned the tract described in the reception book, but not the other; there, as here, the grantee later conveyed the premises described in the reception book, premises to which he had no title unless acquired by this deed; there, as here, the grantor never made any other disposition of the premises described in the reception book, nor made any later claim to them. The court said: "The evidence, to our minds, proves almost to a moral

certainty that the error occurred in copying the deed into the records."
It is true that in that case the trial court had so found, and it was a
question whether the finding should be sustained, while here it is a ques-
tion whether a finding to the contrary must be reversed. We are of the
opinion, however, that the case is virtually *stare decisis*. There was no
conflict in the evidence in either case, and not much basis for drawing
different inferences from the facts. When it can be said that certain evi-
dence proves certain facts "almost to a moral certainty," we think no find-
ing to the contrary should be sustained.

4. We do not overlook the contention that no sufficient foundation was
laid for secondary evidence of the contents of the deed. We think the
loss of the deed was amply proven. The original deed was recorded
nearly 60 years ago. Some of the parties to the transaction are surely
dead, and the others could not be found. Appellant did not receive the
deed from his grantor. It was not likely that he would. *Bona fide* search
appears to have been made for the deed. It was not located. It would
be quite unusual if it could be. The loss of the deed was sufficiently
proven to admit secondary evidence of its contents.

5. We come to the next question, whether the record was notice of
the contents of the Skinner-Hayward deed. We think it was. We
may assume that it is the duty of a grantee to see that his deed is cor-
rectly recorded, and that a misdescription of such a character that
reformation is necessary in order to pass the legal title, is fatal to the
effect of the record as notice. This is the rule in this state, Thorp v.
Merrill, 21 Minn. 336; Bailey v. Galpin, 40 Minn. 319, 41 N. W. 1054;
Bank of Ada v. Gullikson, 64 Minn. 91, 66 N. W. 131, though not in
all jurisdictions. 2 Devlin, Deeds (3d ed.) § 686.

As above indicated, the description as it appears in the deed record is
an impossible one. Nevertheless, some decisions of other courts are
broad enough to sustain this description as it stands on the record book,
without resort to the reception book, for it has been held that, where a
deed describes land conveyed as situated in a certain county, but is in
some particular imperfect or impossible on its face, so that it properly
describes no land within the county, and where the grantee owns land

in the county intended to be conveyed, the record will be sufficient to put purchasers upon inquiry, and to charge them with notice of the conveyance so intended. Partridge v. Smith, 2 Biss. 183; Vercruysse v. Williams (C. C. A. 8th Cir.) 112 Fed. 206, 50 C. C. A. 486; Merrick v. Wallace, 19 Ill. 486; Schweiss v. Woodruff, 73 Mich. 473, 41 N. W. 511; Wetzler v. Nichols, 53 Wash. 285, 101 Pac. 867, 132 Am. St. 1075; note to 1916A, L.R.A. (N.S.) 525, 530.

Probably our own decisions are out of harmony with this rule, Bailey v. Galpin, 40 Minn. 319, 41 N. W. 1054, and it is not necessary to go so far here. The statute in force at the time the Skinner-Hayward deed was recorded, provided, with reference to the reception book, as follows:

"The register of deeds shall enter in the said book all deeds, * * * noting in the first column the day, hour, and minute of reception, and the other particulars in their appropriate columns. * * * He shall also certify upon every instrument recorded by him, the time when it was received, and the book and page in which it was recorded; and every instrument shall be considered as recorded at the time so noted." Laws 1849, p. 76, c. 21, § 4.

"Every deed, * * * of * * * real estate within this Territory which by virtue of this act shall be entitled to be recorded shall be recorded in the order of the time when the same shall be delivered to any register for that purpose, and shall be considered as recorded from the time it was so delivered." Laws 1849, pp. 134, 135, c. 63, § 13.

The statute undoubtedly contemplates that these entries in the reception book shall be made contemporaneously with the receipt of the deed for record. Purchasers of the land are charged with notice of the deed from the moment it is delivered to the register of deeds for record, though in the nature of things it cannot be transcribed into the record until some time later. In the meantime the entries in the reception book are the only record. It has been said that they are "evidence of the very highest character." "The entries required by law to be made in the reception books, and the transcribing of the instrument into the record book, constitute the full record" of the deed. Whitacre v. Martin, 51 Minn. 421, 427, 53 N. W. 806, 807. Each supplies defects in the other in giving constructive notice. A subsequent purchaser is presumed to have examined the whole record, and he is charged with such knowledge as the

135 M—8

proper index entries afford, as well as with notice of the facts derived from the transcript of the deed itself.   Pringle v. Dunn, 37 Wis. 449. 19 Am. Rep. 772.   This doctrine was tersely summed up by Judge Dillon in Barney v. Little, 15 Iowa, 527, 535, as follows: "The record book and the index book are not to be considered as detached and independent books, but related and connected ones, and a party * * * is, where the index makes the requisite reference, affected with notice of any facts which either book contains with respect to the title of his proposed grantor." To the same effect is Gilchrist v. Gough, 63 Ind. 576, 30 Am. Rep. 250; Sinclair v. Slawson, 44 Mich. 123, 6 N. W. 207, 38 Am. Rep. 235; Flowers v. Wilkes, 1 Swan. (Tenn.) 408; Shove v. Larson, 22 Wis. 137, 142; Webb, Record of Title, § 143.   The statutes of these states differ in some particulars from our own, but we are of the opinion that the differences are not such as to be of importance in determining the effect as notice to be given to the entries in the reception book.   We hold that appellant here proved title to this land, that purchasers of this property were charged with notice both of the entries in the reception book and of the full record, and that these together furnished ample information as to the deed in fact made by Skinner to Hayward and of appellant's title to the land.

Order reversed and new trial granted.

BUNN, J. (dissenting).

I dissent.   I am unable to agree that the evidence is so manifestly and palpably against the finding of the trial court that the mistake was not made in recording the deed, but in drafting it.   I do not regard Gaston v. Merriam, 33 Minn. 271, 22 N. W. 614, as decisive of this question. The mistake in that case was of a different character, and was quite clearly made in drafting the deed.   In the case at bar the evidence does not convince me that the error was not made in recording the deed in extenso.

HOLT, J. (dissenting).

I join in the dissent of Mr. Justice Bunn.   It is more likely that the error occurred in the deed than in the record thereof.