**MIDCOUNTRY BANK, f/k/a First Federal fsb, Appellant,**

v.

**Frederick C. KRUEGER, Respondent,**

**Nancy Krueger, Respondent,**

**Cherolyn A. Hinshaw, et al., Respondents.**

**No. A08–0534.**

Court of Appeals of Minnesota.

March 10, 2009.

Justin P. Weinberg, Charles W. Hanson, Gislason & Hunter LLP, New Ulm, MN, for appellant.

Frederick C. Krueger, Shakopee, MN, pro se respondent.

Nancy Krueger, Shakopee, MN, pro se respondent.

James M. Lockhart, Christopher R. Grote, Karla M. Vehrs, Lindquist & Vennum, P.L.L.P., Minneapolis, MN, for respondents Hinshaw and PHH Home Loans, LLC.

Considered and decided by STAUBER, Presiding Judge; KALITOWSKI, Judge; and SHUMAKER, Judge.

## OPINION

STAUBER, Judge.

Appellant mortgage company challenges the district court's summary judgment in favor of respondent purchaser and her lender, arguing that the court erred as a matter of law in finding that respondent was a bona fide purchaser because she was charged with constructive notice of appellant's underlying priority mortgage interest in her property. Because respondent is charged with constructive notice of the mortgage that appeared in the county's grantor-grantee index, we reverse.

## FACTS

On March 21, 2000, James and Nancy Krueger purchased and acquired legal title to a parcel of land (the Hinshaw property). On May 13, 2004, they purchased two additional parcels of land (parcels 1 and 2) and simultaneously executed a mortgage securing both these parcels and the Hinshaw property in favor of appellant lender Mid-Country Bank (MidCountry). On May 19, 2004, they delivered the warranty deed conveying parcels 1 and 2, and MidCountry's mortgage securing parcels 1, 2, and the Hinshaw property to the Scott County Recorder for recording.

The Scott County Recorder's office, as required by statute, maintains two indices: the historically primary grantor-grantee index, which indexes recorded real estate documents by parties' names; and the more recently required tract index, which indexes recorded real estate documents by legal description.

During the recording process of Mid-Country's mortgage, the Scott County Recorder neglected to index the legal description for the Hinshaw property as one of three parcels encumbered by the Mid-Country mortgage on the tract index.[1]

---

1. Scott County engages in a practice it calls "cloning" when it indexes documents. Essentially, if two documents affecting one property are delivered to the recorder's office, the county copies or "clones" the legal description from the first document to the second document so as to avoid typing the information into the system twice. Here, it appears that the Recorder erred in that it cloned the two newly acquired Krueger parcels from the warranty deed to the companion MidCountry mortgage, neglecting to observe that the companion mortgage en-

The effect of this error was that the Mid-Country mortgage did not appear in the tract index for the Hinshaw property. The MidCountry mortgage was, however, properly and timely recorded, and assigned document number A657036. The MidCountry mortgage was indexed in the Scott County grantor-grantee index in association with the Kruegers' names as an encumbrance against parcels 1, 2, and the Hinshaw property. Thus, a search of the grantor-grantee index would reveal the document number of MidCountry's mortgage (A657036), and upon viewing the mortgage document one would find that it encumbered the Hinshaw property.

In 2006, respondent Cherolyn Hinshaw sought to purchase the Hinshaw property from the Kruegers. Hinshaw hired Burnet Title, Inc., to examine the title to the Hinshaw property. Burnet Title, Inc.'s abstractor examined the Scott County tract index, and found no encumbrance indexed against the Hinshaw property. The abstractor admits that she did not examine Scott County's grantor-grantee index before closing on the Krueger to Hinshaw transaction.

On May 12, 2006, Hinshaw closed on her purchase of the Hinshaw property. The Kruegers delivered a warranty deed, and simultaneously Hinshaw executed a mortgage deed in favor of her lender PHH Home Loans LLC (PHH). On May 31, 2006, the Hinshaw deed and PHH mortgage were properly recorded with the Scott County Recorder, in both indices, as documents numbered A740490 and A740491, respectively. The underlying MidCountry mortgage was not satisfied at closing.

Some time thereafter the Kruegers stopped making their mortgage payments to MidCountry. In October 2006, Mid-Country brought a judicial foreclosure action against the Kruegers, Hinshaw, and PHH. On October 18, 2006, MidCountry delivered a notice of lis pendens on the Hinshaw property to the Scott County Recorder for recording.

It appears that in late October 2006, Scott County corrected its records by indexing MidCountry's mortgage in the tract index for the Hinshaw property. The mortgage foreclosure lis pendens was indexed in the Hinshaw tract index in March 2007.

MidCountry pursued its judicial foreclosure action in the Scott County District Court by a summons dated October 3, 2006, naming the Kruegers, Hinshaw, and PHH as defendants. The parties made cross-motions for summary judgment. MidCountry argued that it was entitled to summary judgment because, while its mortgage interest in the Hinshaw property did not appear in the Scott County tract index, it did appear in conjunction with the Kruegers' names in the grantor-grantee index, which Hinshaw was obligated to search. MidCountry claimed that Hinshaw could not be a bona fide purchaser because she was charged with constructive notice of the contents of the documents recorded in both indices. Hinshaw and PHH argued that MidCountry's mortgage was not properly recorded because it did not appear as an encumbrance in Scott County's tract index until October 2006; therefore, Hinshaw did not have constructive notice at the time she purchased the Hinshaw property in May 2006. Hinshaw claimed she was a bona fide purchaser, against whom MidCountry's mortgage interest was void.

The district court found that MidCountry's prior mortgage was not properly recorded because the tract index searches

cumbered *three* parcels, including the Hinshaw property.

did not reveal that it encumbered the Hinshaw property. The court held that the date, time stamp, and recording document number on the MidCountry mortgage were not evidence that it was properly recorded. Thus Hinshaw and PHH, who recorded their interests in the Hinshaw property in May 2006, could not be charged with actual, implied, or constructive notice of MidCountry's mortgage, and were entitled to judgment as a matter of law. MidCountry brought this appeal.

## ISSUES

I. Did the district court err in granting summary judgment to Hinshaw on the basis that she was a bona fide purchaser?

II. Did the district court err in failing to grant summary judgment to MidCountry on the basis that its prior mortgage was properly recorded?

## ANALYSIS

### I.

MidCountry contends that the district court erred in granting Hinshaw summary judgment and ruling that she was a bona fide purchaser. "On an appeal from summary judgment, we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the [district] court[ ] erred in [its] application of the law." *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). Here, the factual issues are not in dispute and the only question we must decide is whether the district court erred as a matter of law. A reviewing court is not bound by and need not give deference to a district court's decision on a purely legal issue. *Modrow v. JP Foodservice, Inc.,* 656 N.W.2d 389, 393 (Minn.2003).

■■■ The Minnesota Recording Act protects the property interests of purchasers of property who purchase in good faith, for valuable consideration, and who properly record their interests:

Every conveyance of real estate shall be recorded in the office of the county recorder of the county where such real estate is situated; and every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith and for a valuable consideration of the same real estate, or any part thereof, whose conveyance is first duly recorded, and as against any attachment levied thereon or any judgment lawfully obtained at the suit of any party against the person in whose name the title to such land appears of record prior to the recording of such conveyance.

Minn.Stat. § 507.34 (2008). A "bona fide purchaser," against whom a prior conveyance is void, must purchase his or her interest in property "in good faith and for a valuable consideration . . . without actual, implied, or constructive notice of inconsistent outstanding rights of others." *Anderson v. Graham Inv. Co.,* 263 N.W.2d 382, 384 (Minn.1978) (quotation omitted).

Historically, real estate records were maintained in a grantor-grantee index allowing title examiners to follow the "chain of title" from one owner to the next. Other related indices allowed examiners to similarly trace real estate mortgages. These have now been generally consolidated in the grantor-grantee index. Minn. Stat. § 386.03 (2008). Some counties also maintained a tract index, but it was not until 2005 that the legislature amended section 386.05 to mandate that a county recorder "procure . . . and keep in the office of the county recorder suitable books or electronic media . . . to allow information to be . . . retrieved by the [legal] description of each [parcel of land] . . . and recite . . . the recorded document number. . . . Such tract index shall be kept as

*one of the records* in the office." 2005 Minn. Laws ch. 4, § 75, at 40 (emphasis added) (now codified at Minn.Stat. § 386.05 (2008)).

The result is that Minnesota statutes, since 2005, require county recorders to maintain two recording indices, the historically primary grantor-grantee index and the newly required tract index. Although electronic recording systems now permit a recorded document to be simultaneously indexed in both indices, it is still possible that the indexer could, as here, err such that the document is indexed in only one of the statutorily-required indices. The Scott County Recorder's indexing error, using the cloning shortcut, occurred because the indexer neglected to read the entire legal description recited in the text (page 3) of MidCountry's mortgage. This resulted in the mortgage not being indexed in the required tract index.

■ The burden of proving bona-fide-purchaser status is on the party seeking to show that he or she is a bona fide purchaser. *Miller v. Hennen,* 438 N.W.2d 366, 369 (Minn.1989). The parties agree that Hinshaw purchased the property for valuable consideration and recorded her interest. It remained Hinshaw's burden to show that she had no actual, implied, or constructive notice of MidCountry's mortgage interest in the Hinshaw property. MidCountry asserts that Hinshaw had constructive notice of its outstanding interest in the Hinshaw property, and so its priority mortgage is valid against her.

■ "Constructive notice is a creature of statute and, as a matter of law, imputes notice to all purchasers of any properly recorded instrument even though the purchaser has no actual notice of the record." *Miller,* 438 N.W.2d at 369–70. "The purpose of the record is to give notice of the existence and contents of the instrument recorded...." *Thorwarth v. Armstrong,*

20 Minn. 464, 467 (1874). MidCountry claims that Hinshaw is charged with constructive notice of its mortgage interest in the Hinshaw property because its mortgage was properly recorded, and appeared in the Scott County Recorder's grantor-grantee index effective May 19, 2004. A purchaser is charged as a matter of law with constructive notice of any "properly recorded" instrument. Minn.Stat. 507.32 (2008). We believe that MidCountry's mortgage was properly recorded.

The MidCountry mortgage was delivered for recording to the Scott County Recorder's office on May 19, 2004. The mortgage was given the document number A657036, and was stamped "Office of the County Recorder, Scott County, Minnesota, Certified Filed and/or Recorded on 05–19–2004 at 02:15.... Pat Boeckman, County Recorder." Section 386.41 (2008) provides that an instrument is properly recorded if the document bears the certificate of the county recorder:

> Every county recorder shall endorse upon each instrument recorded, over the recorder's official signature, OFFICE OF THE COUNTY RECORDER, ... COUNTY, MINNESOTA, CERTIFIED, FILED, AND/OR RECORDED ON, the date and time when it was recorded and the document number and/or book and page in which it was recorded; *every instrument shall be considered as recorded at the time so noted.*

(Emphasis added). The MidCountry mortgage satisfied these requirements.

■ The Scott County Recorder admits that it erroneously indexed the MidCountry mortgage by only "cloning" the legal descriptions for parcels 1 and 2 to the tract index, while entirely omitting the Hinshaw property. Thus, the mortgage did not appear in the tract index for the Hinshaw

property when that index was searched preliminary to Hinshaw's closing. However, this does not mean that the mortgage was improperly recorded. The MidCountry mortgage bore the recording certificate and information required by Minn.Stat. § 386.41. The certificate of recording is presumptive proof that the document was properly recorded. *See Thomas v. Hanson*, 59 Minn. 274, 279–80 61 N.W. 135, 136–37 (1894) (holding that the recorder's certificate is sufficient evidence that document was recorded without proof of the appointment or election of the recorder). Further, the Scott County Recorder admits that MidCountry's mortgage appeared in the grantor-grantee index as of May 2006. Absent some evidence that the contents of the MidCountry mortgage did not include the Hinshaw property, we conclude that MidCountry's mortgage was properly recorded.

Next we must determine whether the MidCountry mortgage, as recorded and indexed, charged Hinshaw with constructive notice that it encumbered the Hinshaw property. Typically, when a purchaser applies for a real estate mortgage, the mortgagee will require an up-to-date abstract or similar indicia of title marketability. 6A Steven J. Kirsch & Robert Beutel, *Minnesota Practice* § 44.2 (3d ed.1990). Real estate title searches are done by licensed abstracters, who build or extend formal abstracts by tracing the various indices down to the current date.

The purpose of an abstract of title is to afford a prospective purchaser or mortgagee of land a simplified and convenient method of ascertaining the condition of the title and the land without having to make a painstaking search of all of these various records, or a portable index from which he or his attorney may make the search.

*Id.* at § 44.1 (3d ed.1990). The resulting abstract would show the "chain of title," including encumbrances and other relevant recorded documents. An attorney would examine the updated abstract and render a written opinion of title to the prospective buyer or lender. The title opinion would recite not only ownership of the property, but recorded encumbrances as well.

Prior to closing on her purchase of the Hinshaw property, Hinshaw hired an abstracter to conduct a title search. Unfortunately, the abstracter, using an electronic system for searching land title records, searched only the tract index and not the grantor-grantee index. This abbreviated search did not indicate MidCountry's recorded mortgage indexed in the Scott County tract index. Additionally, the Kruegers apparently did not disclose the existence of MidCountry's mortgage, so the closing on the sale to Hinshaw took place without satisfying the mortgage.

The parties agree that Scott County, as with all Minnesota counties, maintains by statute both the grantor-grantee index and the tract index. "A subsequent purchaser is presumed to have examined the whole record, and he is charged with such knowledge as the proper index entries afford, as well as with notice of the facts derived from the transcript of the [recorded document] itself." *Latourell v. Hobart*, 135 Minn. 109, 113–14, 160 N.W. 259, 260–61 (1916). The record consists of "the entries required by law to be made in the reception books, and the transcribing of the instrument into the record book." *Id.* at 113, 160 N.W. at 260. As stated earlier, as of 2005, counties must keep both grantor-grantee and tract indices. Minn.Stat. §§ 386.03 (as to the grantor-grantee index); 386.05 (as to the tract index).

Minnesota Title Standards for Examination of Title (Title Standards) establish the

industry standard for title examinations. The recently revised Title No. 37, entitled "INSTRUMENTS RECORDED OUT-SIDE THE LINE OF SEARCH IN GRANTOR–GRANTEE INDEX," states the following:

> An instrument necessary to the chain of title or affecting a title, but recorded at a point in time prior to the date of a recorded instrument creating a source of title, so as not to be within the scope of an examination of the county recorder's grantor reception book and grantee reception book, does not constitute constructive notice of the contents of such instrument, and such instrument should be re-recorded unless it has been of record for at least five years *or appears in the tract index.*

*Minnesota Title Standards for Examination of Title,* Standard No. 37 (2008) (emphasis added). The Title Standards Committee cautions that "[t]o the extent the county recorder maintains a tract index[,] examination must be made of the tract index." *Id.* The committee's explanation of Standard No. 37 states: "The amendment recognizes that counties are now required to maintain a tract index *as part of their official records.* The former comment is changed to a caution and revised to reflect that the tract index, to the extent one is maintained, must be examined." *Id.* Accordingly, a person is charged with constructive notice of the information indexed in both indices.

■ Hinshaw contends that, even though MidCountry's mortgage appeared in the grantor-grantee index as of May 2006, she was not obligated to look beyond the computerized document inquiry to the contents of the document itself. The purpose of the record is to provide purchasers with notice "of the existence and contents" of recorded instruments. *Thorwarth,* 20 Minn. at 467. The constructive notice imputed to a purchaser by the record of an instrument is strictly confined to that which is set forth on its face. *Bank of Ada v. Gullikson,* 64 Minn. 91, 94, 66 N.W. 131, 132 (1896); *see also Miller,* 438 N.W.2d at 370 ("A recorded interest is constructive notice only of the facts appearing on the face of the record." (quotation omitted)). The record includes not only the document numbers as indexed, but also the contents, including legal descriptions, of the instruments as recorded. Document numbers in either index contain no mention of the terms recited therein. "The entries required by law to be made in the reception books, and the transcribing of the instrument into the record book, constitute the full record of the [instrument]. Each supplies defects in the other in giving constructive notice." *Latourell,* 135 Minn. at 113, 160 N.W. at 260 (quotation omitted). Thus, while Hinshaw was under no duty to search beyond the record itself, she was obligated to read the entire record, which included MidCountry's mortgage, referred to by document number A657036, in the grantor-grantee index.

Hinshaw further argues that Scott County's error in failing to index the Mid-Country mortgage in the tract index should prevent her from being charged with constructive knowledge of its existence, citing caselaw from other jurisdictions that purportedly support this contention. However, we are not aware of any Minnesota precedent that supports her contention, and the cases so cited do not indicate what recording systems and indices are used. Our courts have held that a document that is "so mis-recorded as to be, in effect, not recorded at all," can be no notice to anyone. *Thorp v. Merrill,* 21 Minn. 336, 339 (1875). In *Thorp,* the subject instrument contained an erroneous legal description of the property to which the mortgage applied. *Id.* at 337–38. But here, the document was not mis-recorded

because it met the recording requirements, and the legal description was accurate (including the Hinshaw description). Here, the mortgage as recorded accurately reflects the contents of the original document.

The Scott County Recorder's error in indexing MidCountry's mortgage did not prevent Hinshaw from being charged with constructive notice. The mortgage appeared in the primary grantor-grantee index, and Hinshaw is charged with knowledge of the contents of the documents recorded in that index as well as the newer tract index. This constructive knowledge prevents her from being a bona fide purchaser, and therefore, the district court erred as a matter of law in granting her summary judgment on this basis. Accordingly, Hinshaw and PHH's interests in the Hinshaw property were subject to MidCountry's prior, properly recorded mortgage, of which Hinshaw and PHH were charged with constructive knowledge.

## II.

This case arose from the parties' cross-motions for summary judgment. The parties agree that there are no genuine issues of material fact precluding a grant of summary judgment.[2] Because we hold that, as a matter of law, a party is charged with constructive notice of the contents of prop-

erly recorded documents indexed in both the grantor-grantee index and the tract index, MidCountry was entitled to judgment as a matter of law on its claim that Hinshaw and PHH acquired the Hinshaw property subject to its prior mortgage interest. MidCountry's mortgage was properly recorded first, and therefore its interest is not void as against a subsequent purchaser, respondent Hinshaw.

## DECISION

A purchaser is charged with constructive notice of properly recorded real estate documents indexed in the grantor-grantee index and in the tract index. We therefore reverse the decision of the district court ruling that respondent was a bona fide purchaser and order that judgment be entered in favor of appellant. Appellant's mortgage, though indexed only in the grantor-grantee index, creates a recording priority against respondent Hinshaw's deed and respondent PHH's mortgage.

**Reversed.**

2. Appellant argues that genuine issues of material fact exist. Because this argument has been raised for the first time on appeal, we do not consider that argument. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988).