CHARLES M. BAILEY and others *vs.* BETSEY F. GALPIN.

March 25, 1889.

**Adverse Claims to Realty—Statutory Action—Pleading.—**Where, in an action to determine adverse claims, the answer denies generally the title of the plaintiff, and by way of new matter sets forth the defendant's title, without alleging the source of plaintiff's title and defendant's prior right, the plaintiff may reply by simply taking issue upon such new matter, without denying notice or alleging superior equities. The pleadings will then simply present the issue of the ownership of the legal title.

**Deed—Mistaken Description—Record as Notice.—**Where the description of land in a deed is insufficient to pass the title because of omissions therein made through the mistake of the parties thereto, and, subsequent to the record thereof, the same land is conveyed to a third party, who has no actual notice of the prior deed, the record is not constructive notice to the latter of the equitable rights of the former purchaser.

**Same—Requisites to Passing of Legal Title.—**The legal title to land does not pass unless it is so described that it can be identified or located by referring to or following out the description as given.

**Same—Description—Rules of Construction.—**Rules of construction, as applied to the description in deeds, stated.

**Same—Record as Notice.—**Registration is constructive notice only of what appears on the face of the deed, and of the description of the premises

therein, and if in the deed as registered the particular land in controversy is not so described as to identify it with reasonable certainty, the record is not notice to subsequent *bona fide* purchasers.

**Notice—Distinction between Actual and Constructive.**—The distinction between constructive notice, legally implied from the fact of registration, and actual notice, as respects the duty of ulterior inquiry, considered.

Appeal by defendant from an order of the district court for Hennepin county refusing a new trial after a trial by *Lochren,* J., and judgment ordered for plaintiffs.

*Wm. B. McIntyre,* for appellant.

*Cross & Carleton,* for respondents.

VANDERBURGH, J.    This is an action under the statute to determine the adverse claim of the defendant. The complaint contains general allegations of plaintiffs' title and ownership, and that the premises are vacant and unoccupied; that the defendant claims some estate or interest adverse to them, and asks judgment determining it. The defendant appears and answers, denying the plaintiffs' title, and alleging that she acquired title to the land in question by deed from Sykes & Andrews, the owners thereof, on the 11th day of August, 1883, which was recorded on the 23d of the same month.    The plaintiffs, in their reply, deny the allegations of new matter in the answer, and thus a complete issue on the question of the legal title was framed by the pleadings.    The pleadings did not take the form of a bill and answer in chancery, and, since the answer does not disclose that both parties claim by deed under the defendant's grantor, and that the defendant's was prior in point of time, there was nothing in it necessarily calling for any allegations showing the *bona fides* and superior equities of the plaintiffs under a later deed from defendant's grantors.    The parties respectively claim to be the holders of the legal title.    *Barber* v. *Evans,* 27 Minn. 92, (6 N. W. Rep. 445.) Upon the trial, however, the plaintiffs voluntarily assumed the burden of proving that they were *bona fide* purchasers without any actual notice of defendant's deed, or of any claim thereto by her, and the court so finds; and this fact must be assumed in disposing of the case in this court.

The record also discloses the following facts in respect to the state of the title: Both parties claim under Sykes & Andrews, the former owners. On the 11th day of January, 1884, the plaintiff Bailey purchased of them the lot in question, viz., lot 12, in block 8, and 11 other lots, described in their deed to him of that date as being "all in Menage's supplement to East Side addition to Minneapolis, according to the plat thereof of record and on file in the office of the register of deeds of said county." A full consideration was paid by Bailey therefor, and the deed was duly recorded upon the next day. Afterwards Bailey conveyed an undivided two-thirds of the lots so purchased to the other plaintiffs. Plaintiffs are the owners of the lot in controversy (lot 12, in block 8, above described) unless defendant acquired title thereto under the prior deed to her, executed and recorded as set forth in the answer, but in which the plaintiffs claim the description was fatally defective, so that the record thereof was not constructive notice of any title or claim of the defendant to the lot in question described in the deed to them. The description in defendant's deed, which, as before stated, was recorded before the execution of the deed to Bailey, is as follows, viz.: "Lot 12, Bl. 8, Menage's supplement to Minneapolis, according to the plat now on file or of record in the office of the register of deeds in and for said county." As a matter of fact the defendant intended to purchase the lot in question on the date of her deed, and paid for the same, and the grantors, Sykes & Andrews, intended by their deed to her to convey the same lot. The trial court held that the description in the defendant's deed was insufficient to pass the legal title to the lot, although, prior to the plaintiffs' purchase, she had an equity entitling her to a reformation of the deed; and that plaintiffs acquired the legal title; and that the record of defendant's deed, failing to describe the lot, was not constructive notice of her equitable title or claim.

If the plaintiffs had neither actual nor constructive notice, the equities being equal, they, as holders of the legal title, must of course prevail. The legal title to land does not pass by deed unless so described that it can be identified or located by referring to or following out the description as given, and the effect of the record as constructive notice merely cannot be aided or supplemented by proof of
v.40m—21

the actual intentions of the parties to the deed, not disclosed by the record. *Tice* v. *Freeman*, 30 Minn. 389, (15 N. W. Rep. 674;) *Parret* v. *Shaubhut*, 5 Minn. 258, (323, 331,) (80 Am. Dec. 424.) If the description is sufficient to identify the land, the form adopted is immaterial, whether it be by reference to a plat, or well known objects, or names or monuments, or by metes and bounds. And where there are several different and complete descriptions of the same land, whether as appearing upon different plats or otherwise, the record of conveyances by either form will be constructive notice, and will bind the title. *Ames* v. *Lowry*, 30 Minn. 283, (15 N. W. Rep. 247.) And so, where the deed or record, in addition to a correct or sufficient description, contains false particulars, the rule is, if there are certain particulars once sufficiently ascertained, which designate the thing intended to be granted, the addition of a circumstance false or mistaken will not vitiate the grant. *Thorwarth* v. *Armstrong*, 20 Minn. 419, (464;) *Russell* v. *Hayden, supra*, p. 88; *Slosson* v. *Hall*, 17 Minn. 71, (95.) It is true that in some instances, where the subject of the grant is identified, mistakes or omissions in the details of the description may be helped by construction. But in such cases the intention of the parties is reasonably clear from the face of the record. *Hoffman* v. *Riehl*, 27 Mo. 554; *Merrick* v. *Wallace*, 19 Ill. 486, 497. In *Partridge* v. *Smith*, 2 Biss. 183, this rule is extended further, perhaps, than is consistent with sound principles, or the current of authority. So, if the description is sufficient to ascertain the estate, although the estate cannot agree with all the particulars, it will pass. But if the description in the deed is so defective and inaccurate that the subject of the grant is not properly identified or indicated, so that a reformation of the instrument is required, the legal title will not pass. *Roberts* v. *Grace*, 16 Minn. 115, (126, 134.)

Here the description is confessedly defective on its face. It is not aided by the addition of particulars containing a correct description or identification, or pointing to it, as might be done, by reference to a previous deed or well-known name or locality, or anything of the kind. "Menage's supplement to Minneapolis" is unknown, and there is no such plat or survey. It is not a description of the land in suit, nor can it be so construed as against *bona fide* purchasers. An ex-

pert examiner of titles, who makes it a business to note upon his books all descriptions recorded in the register's office, would of course have discovered this deed, and would prudently place it upon an abstract of the land in question; while a person confining himself to a search of the title of the land described in the plaintiffs' deed would not have occasion to go outside of the lands embraced in the supplement to the East Side addition, and he would not be bound to examine or inquire as to other plats or descriptions not embracing such lands. The description in defendant's deed was not shown or found to be the same or equivalent to the correct description in plaintiffs' deed. We see no reason to question the correctness of the determination of the trial court, that the description was insufficient to pass the legal title.

We come now to consider, in the next place, whether the record of the deed—there being no actual notice—was constructive notice to the plaintiffs of the equitable rights of the defendant, as between her and her grantors, to a reformation of the deed. But this could not well be; for, if the description in the deed is altogether insufficient to locate or identify the property and pass the title, it would not be constructive notice at all to the plaintiffs, and they were not bound to notice it or look for it. *Simmons* v. *Fuller*, 17 Minn. 462, (485, 490;) *Roberts* v. *Grace*, 16 Minn. 115, (126, 135;) Martindale Conv. § 276 et seq. It is intended that the record should be a correct and sufficient source of information, and the statute did not mean to put purchasers upon further inquiry by virtue of its operation making the fact of registration constructive notice; and parties are understood to purchase upon the faith of the title as appearing of record. *Frost* v. *Beekman*, 1 John. Ch. 288, 298; *Ledyard* v. *Butler*, 9 Paige, 132, (37 Am. Dec. 379;) *Jackson* v. *How*, 19 John. 80; *Fort* v. *Burch*, 6 Barb. 60, 74. It is the settled rule that registration is constructive notice only of what appears on the face of the deed, and of the description of the premises therein. And if upon the face of the deed as registered the property in controversy is not so described as to identify it with reasonable certainty, the record cannot be notice to subsequent *bona fide* purchasers. *Roberts* v. *Grace*, *supra;* Will. Eq. Jur. *256. Under the registration laws it is sometimes said in

a loose and general way that the record of a deed is constructive notice to all the world, but this means simply that the record is open to all, and is notice to interested parties; and, strictly speaking, a purchaser has not by law constructive notice of all matters of record, but only of such as the title deeds of the estate show upon their face, or refer or direct him to. And the *bona fide* purchaser is not constructively bound to look further than the information afforded by the record of such deeds. The record of a deed is notice only to those who are bound to search for it. *Dexter* v. *Harris*, 2 Mason, 531, 536; *Maul* v. *Rider*, 59 Pa. St. 167; *Sanger* v. *Craigue*, 10 Vt. 555; *Thomson* v. *Wilcox*, 7 Lans. 376.

The distinction between constructive and actual notice is also to be noticed. Constructive notice of the contents of a deed arises as an inference or presumption of law from the mere fact of record, and is in law equivalent to actual notice of what appears upon the face of the record to the party bound to search for it, whether he has seen or known of it or not; that is, constructive notice under the recording acts may bind the title, but does not bind the conscience; while actual notice binds the conscience of the party. *Underwood* v. *Courtown*, 2 Schoales & L. 41, 66. Hence, where the attention of an interested party is directed to a defective deed or the recorded copy thereof, he may get actual knowledge of the facts sufficient to affect his conscience, and put him upon inquiry, so as to charge him with notice, which would not otherwise be legally attributable to him from the record only. Thomas, Mortg. § 491. In this case it is only upon the assumption in advance that the plaintiffs knew in fact of the existence of the defendant's deed or the description therein, or were chargeable with notice by the record thereof, that it can be claimed that they were put upon inquiry, or that the title of these lots was bound by it. But they had no actual notice of it. The search made for them did not disclose it. The land was not known by such description. They were not put upon inquiry as to the particulars of the transaction, and they could not be constructively bound by a deed which did not describe the land, and inquiry of the parties to that deed did not become a duty, since they had no notice in fact. *Maul* v. *Rider*, 59 Pa. St. 167. As was said in *Barnard* v. *Campau*, 29

Mich. 162, "in general it will not be disputed that one who seeks a benefit from the recording laws must incur all risks from failure to put his papers duly upon record, whether the fault shall be his own or that of the officer. An equitable construction cannot be placed upon such laws, by which they may be made * * * to give constructive notice of things the records do not show." And in *Frost* v. *Beekman, supra,* the chancellor says (p. 299:) "The registry was intended to contain within itself all the knowledge of the deed necessary for the purchaser's safety." The defendant was at fault in not seasonably examining and correcting the description in her deed; and where one of two innocent parties must suffer, the loss ought justly to fall on that one whose error has led to it. *Thomson* v. *Wilcox,* 7 Lans. 376.

Order affirmed.