BANK OF ADA v. GULLIK O. GULLIKSON and Others.[1]

February 6, 1896.

Nos. 9706—(300).

**Mortgage—Record as Notice—Mistake in Description.**

The constructive notice imported by the record of an instrument is strictly limited to that which is set forth on its face; and if, in a deed or mortgage as recorded, the particular land in controversy is not so described as to identify it with reasonable certainty, the record is not notice to subsequent bona fide purchasers or judgment creditors. Bailey v. Galpin, 40 Minn. 319, followed.

**Same—Lien of Subsequent Judgment.**

Certain lots by mistake were described in the plaintiff's mortgage as being in block 13 in the First addition to the village of Ada, but in fact the lots intended to be mortgaged were located in the original plat of the village. There was no block 13 in the First addition. The first one therein was number 21, and the last one in the original plat was number 20. The defendant had no actual notice of the mortgage, and, before it was corrected and re-recorded, he duly recovered and docketed a judgment against the mortgagor. *Held,* that the lien of the mortgage was subject to that of the judgment.

Appeal by defendant Gilbertson from a judgment of the district court for Norman county against said defendant, entered in pursuance of the findings of Ives, J. Modified.

*M. A. Brattland* and *O. J. Vaule,* for appellant.
*Calkins & Sharpe,* for respondent.

START, C. J.[2] This is an action commenced January 14, 1895, to reform a real-estate mortgage by correcting a mistake in the description of the premises, and to foreclose it as reformed. Judg-

1 Reported in 66 N. W. 131.          2 Canty, J., took no part.

ment for the plaintiff reforming and foreclosing the mortgage, and further adjudging that a judgment in favor of the defendant Gilbertson against the defendant mortgagor, Gullikson, is a subordinate lien on the mortgaged premises to that of the plaintiff's mortgage. From this judgment the defendant Gilbertson appealed.

The facts are undisputed, and the only question in the case is whether the facts found by the trial court justify its conclusion and judgment that the lien of the plaintiff's mortgage is superior to that of the defendant Gilbertson's judgment. The facts, so far as here material, are that on January 21, 1892, the defendant Gullikson and wife executed to the plaintiff a mortgage to secure the payment of $800, in which the premises were described as "lots numbered six (6) and seven (7) in block numbered thirteen (13) in the First addition to the town (now the village) of Ada, Norman county, Minnesota." This mortgage was duly recorded January 21, 1892. There is an original plat of the village of Ada, and also a First addition to the village of Ada. The blocks in the former are numbered consecutively from 1 to 20, and in the latter from 21 upward; consequently there is no block 13 in the First addition, but there is in the original plat. The lots intended to be described in this mortgage were lots 6 and 7 in block 13 in the town (now village) of Ada. The plaintiff alleges in its complaint that, in fact, the description contained in the mortgage does not describe any premises whatever, and to make it pass any premises to the plaintiff, and to conform to the intention of the parties, it is necessary that the description should be changed by striking therefrom the words "First addition to." The court found the allegations of the complaint true, and so reformed the mortgage. On February 21, 1894, another mortgage was made by the same parties who made the previous one, to the plaintiff, for the purpose, as alleged in the complaint, of correcting the error in the description contained in the former mortgage. The second or corrected mortgage was duly recorded on February 21, 1894. The defendant Gilbertson, however, recovered and duly docketed his judgment in the proper county against the mortgagor Gullikson on February 2, 1894, or 19 days before the plaintiff's corrected mortgage was recorded, and the court expressly found that the defendant had no actual notice of plaintiff's mortgages.

A judgment creditor, without actual notice, is in the same position as a bona fide purchaser, and the lien of his docketed judgment takes precedence over the equities of a grantee or mortgagee to have his deed or mortgage reformed. Welles v. Baldwin, 28 Minn. 408, 10 N. W. 427; Wilcox v. Leominster Nat. Bank, 43 Minn. 541, 45 N. W. 1136. The judgment creditor in this case having the rights of a bona fide purchaser without actual notice, it is difficult to see how the plaintiff is in a position to claim that the lien of his mortgage is superior to that of the judgment, in view of the allegation in its complaint, which was found to be true, to the effect that the description in the original mortgage did not describe any land. The claim made by the counsel for the plaintiff in this court is that the description in the original mortgage was sufficient to pass the title to the premises intended to be included in the mortgage, and, therefore, that the record of the mortgage was constructive notice to the defendant of the plaintiff's lien on the premises intended to be mortgaged. Conceding, without so deciding, that the plaintiff is in a position to urge the claim now made, we hold that the lien of the defendant's judgment on the premises in question is superior to that of the plaintiff's mortgage. The lots intended to be described in the mortgage were lots 6 and 7 in block 13 in the town (now village) of Ada, but the actual description was lots 6 and 7 in block 13 of the First addition to the town (now village) of Ada. The plaintiff's claim is that the land intended to be described in the mortgage can be located and identified by following out the description, which is complete if the false particular locating the lots in the First addition to the village of Ada be eliminated by rejecting therefrom the words "the First addition to," thereby locating the lots in the original plat.

The plaintiff, in support of its claim, relies upon the case of Thorwarth v. Armstrong, 20 Minn. 419 (464). The lots in the case cited were described as being in McCloud's subdivision of block 2 in Vanderburghs' subdivision of block 2 in Vanderburghs' addition, but there never was any subdivision of block 2 except McCloud's. This description located the lots in block 2 in Vanderburghs' addition and in McCloud's subdivision thereof. There was no uncertainty as to the block or addition in which the lots were to be found, or in the fact that they were in McCloud's subdivision of the block; and,

as his was the only subdivision of the block, the description on its face indicated the false particular thereof, which should be rejected as surplusage. But in the case at bar there was in fact a First addition to the village of Ada, hence the case relied upon is not in point.

The fallacy of the plaintiff's claim lies in the assumption that the description in the mortgage on its face discloses in what particular it is false, and what should be corrected in or eliminated therefrom in order to describe the lots intended to be mortgaged. It is impossible to tell from the face of the description whether the mistake therein is in locating the lots in the wrong plat or block or village. If the mistake was in locating the lots in the wrong block, and block 23 was intended, then, if 23 was substituted for 13, the description would be correct. Conceding that a person reading the description would be charged with notice that there was no block 13 in the First addition, yet it does not, as we have suggested, charge him with notice that the mistake was in locating the lots in the wrong plat, and not in the wrong block or village.

If the defendant had had actual notice of the plaintiff's mortgage, and of the fact that there was a block 13 in the original plat, we might have a different case to consider. But the defendant had no actual notice in the premises, and he is chargeable only with constructive notice of what appeared on the face of the mortgage, as recorded at the time he docketed his judgment. The constructive notice imported by the record of an instrument is strictly confined to that which is set forth on its face; and, if in the deed or mortgage as recorded the particular land in controversy is not so described as to identify it with reasonable certainty, the record is not notice to subsequent bona fide purchasers or judgment creditors. Bailey v. Galpin, 40 Minn. 319, 41 N. W. 1054. In the case cited, the distinction between actual notice as respects ulterior inquiry and constructive notice implied from the fact of registration was clearly pointed out, and need not be here repeated. The defendant in this case had constructive notice only of what appeared upon the face of the record of the mortgage and the description of the premises therein. This description, on its face, did not identify the lots intended to be mortgaged, or advise the defendant as to the particulars wherein it was defective; and it must be held that he had no notice, actual

or constructive, that the plaintiff had a mortgage on the lots in question.

The lien of the defendant's judgment, therefore, is superior to that of the plaintiff's mortgage, and this case must be remanded, with direction to the district court to modify the judgment appealed from so as to adjudge the lien of the plaintiff's mortgage to be subordinate to that of the defendant's judgment. So ordered.