**HOWARD, McROBERTS & MURRAY, Appellant,**

v.

**Larry STARRY, Myrtle Starry, Respondents.**

**No. C4-85-1767.**

Court of Appeals of Minnesota.

Feb. 25, 1986.

James W. Rude, Minneapolis, for Howard, McRoberts & Murray.

Larry Starry, pro se.

Thomas P. Knapp, Hughes, Thoreen & Sullivan, St. Cloud, for Myrtle Starry.

Heard, considered, and decided by LANSING, P.J., and HUSPENI and LESLIE, JJ.

## OPINION

HUSPENI, Judge.

Appellant Howard, McRoberts & Murray (HM & M) brought this action against respondents Myrtle Starry and Larry Starry to quiet title to a 360-acre tract of land. HM & M appeals the trial court's award of summary judgment in favor of Myrtle Starry. We affirm.

## FACTS

HM & M's claim against the property in issue arises out of legal services that it provided for Larry Starry for which he did not pay. On October 15, 1981, a judgment for the unpaid legal services was entered against Larry Starry in favor of HM & M for $7,604.64. HM & M collected its judgment by foreclosing on the property in issue, a 360-acre tract of land which the parties call the "Peterson farm." On March 26, 1982, the Peterson farm was sold at a sheriff's sale to HM & M. HM & M recorded its certificate of sale on March 31, 1982, and asserts that it is the proper owner of the Peterson farm.

Prior to HM & M's recording, Larry Starry and his mother Myrtle Starry were involved in litigation that dealt in part with the Peterson farm. Larry Starry and Myrtle Starry operated a construction business called Starry Construction Company, Inc. When Starry Construction was incorporated, Larry and Myrtle agreed to transfer all their personal and real property that was used in the business (including the Peterson farm) to the corporation in exchange for pro rata shares of stock in the corporation.

In May 1981, a dispute arose between Larry and Myrtle which resulted in Larry

commencing an action against Myrtle and Starry Construction. On May 26, 1981, after the litigation began, Myrtle Starry filed a notice of lis pendens on the Peterson farm as well as on other property involved in the business. The notice of lis pendens described a portion of the Peterson farm as:

> The Southeast Quarter of the Northeast Quarter *of* the East Half of the Southeast Quarter and the Northwest Quarter of the Southeast Quarter, in Section 11, Township 128, Range 34, Todd County, Minnesota.

(Emphasis added). This legal description describes only a portion of the 160 acres of the Peterson farm which is located in section eleven. The notice of lis pendens accurately described the portions of the Peterson farm which lie in sections twelve and fourteen of the same township and range in Todd County.

The correct legal description of the 160 acres of the Peterson farm which is located in section eleven is:

> The Southeast Quarter of the Northeast Quarter, the East Half of the Southeast Quarter and the Northwest Quarter of the Southeast Quarter, in Section 11, Township 128, Range 34, Todd County, Minnesota.

(Emphasis added). The Todd County Recorder entered the notice of lis pendens on the tract index for the Peterson farm as if the legal description for the entire Peterson farm had been correctly set forth in the notice of lis pendens.

In the Starry Construction litigation, the trial court determined that the title to the Peterson farm transferred from Larry Starry to Starry Construction as of the date of its incorporation (April 1, 1977), even though Larry Starry still held record title to the property. The court further determined that Myrtle Starry sold her shares in Starry Construction to the corporation and a third party in exchange for the real estate owned by Starry Construction. As a result of this sales agreement, the court concluded that Myrtle Starry is the owner of all the real estate previously owned by Starry Construction, including the Peterson farm. The judgment in the Starry Construction action was entered in favor of Myrtle Starry on October 27, 1982.

On January 7, 1983, the court amended its October 27 judgment. The nature of the amendment is not relevant to this case. HM & M appeared at the post-trial motion, but the court did not allow HM & M to argue its position that the judgment put a cloud on the title to the Peterson farm.

HM & M commenced this action against both Larry Starry and Myrtle Starry in order to quiet title to the Peterson farm. Larry Starry has not appeared in this action. Both HM & M and Myrtle Starry moved for summary judgment in their favor.

The trial court awarded summary judgment in favor of Myrtle Starry. Based upon the outcome of the Starry Construction litigation, the court concluded that when HM & M received its judgment against Larry Starry on October 15, 1981, he had no legal interest in the Peterson farm. The court took "judicial notice" of the "typographical or clerical error" in the legal description of the notice of lis pendens and concluded that the notice of lis pendens gave HM & M constructive notice of the Starry Construction litigation. Because HM & M had constructive notice of the lis pendens, the court found that HM & M's rights to the Peterson farm were subject to Myrtle Starry's rights. The court declared Myrtle Starry the rightful owner of the property pursuant to the result reached in the Starry Construction litigation. The court further declared that HM & M's foreclosure on the Peterson farm was null and void.

### ISSUES

1. Did the trial court erroneously consider evidence beyond the record in determining the summary judgment motion?

2. Did the trial court err in concluding that HM & M had constructive notice of Myrtle Starry's pending claim on the Peterson farm?

3. Did the trial court commit reversible error in taking judicial notice of the typographical error in the notice of lis pendens?

## ANALYSIS

### I.

HM & M initially argues that the trial court erred by looking beyond the record in determining the summary judgment motion. We find no merit in this argument.

HM & M does not point to any specific finding or conclusion that contains information from outside the record. Nor is there anything in the trial court's findings or conclusions indicating that the court relied on information outside the record. This record was sufficient for the trial court to reach its result.

### II.

HM & M next asserts that the trial court erred in awarding summary judgment to Myrtle Starry on the basis that HM &M had constructive notice of Myrtle Starry's pending claim. On review of a summary judgment award, we must determine whether there are any genuine issues of material fact for trial and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). We agree with the trial court that there are no genuine factual issues here. We must only consider whether the trial court correctly applied the law.

Minn.Stat. § 507.34 (1984) provides, in pertinent part, that:

> Every conveyance of real estate shall be recorded * * * and every such conveyance not so recorded shall be void as against any *subsequent purchaser in good faith* and for a valuable consideration of the * * * real estate, * * * whose conveyance is first duly recorded * * *.

(Emphasis added).

A good faith purchaser is a purchaser who gives consideration in good faith without actual, implied or constructive notice of inconsistent outstanding rights of others. *Anderson v. Graham Investment*

*Co.*, 263 N.W.2d 382, 384 (1978). The trial court determined that HM & M had constructive notice of Myrtle Starry's claim to the Peterson farm and therefore it was not a good faith purchaser.

Constructive notice is a creature of statute. *Anderson*, 263 N.W.2d at 384. Pursuant to Minn.Stat. § 507.32 (1984), a purchaser is charged as a matter of law with constructive notice of any properly recorded instrument. HM & M argues that the notice of lis pendens was not properly recorded so it could not have constructive notice of Myrtle Starry's pending claim. We cannot agree.

A recorded interest is constructive notice of the facts appearing on the face of the record. *Anderson*, 263 N.W.2d at 385. In order to have constructive notice of a defect in a legal description, it must be apparent from the record that there is such a defect. *Bank of Ada v. Gullikson*, 64 Minn. 91, 94–95, 66 N.W. 131, 132 (1896) (the description failed to indicate "the particulars wherein it was defective"). *See also Simmons v. Fuller*, 17 Minn. 485, 490–91 (1871) (mistake was not apparent). Even if a recorded document contains a defect in a legal description, an interested party may derive from that document actual knowledge of facts sufficient to put the party on inquiry as to the existence of an outstanding interest. *See Bailey v. Galpin*, 40 Minn. 319, 324, 41 N.W. 1054, 1056 (1889).

In this case, we believe it is apparent from the record of the notice of lis pendens that there is a typographical error in the legal description of the part of the Peterson farm which is located in section eleven. Any interested party could ascertain from the county recorder's record that the word "of" was erroneously typed in the legal description instead of a comma. At a minimum, any interested party could determine that a mistake existed in the legal description, because it would be illogical for Myrtle Starry to file a notice of lis pendens on all of the Peterson farm which lies in sections twelve and fourteen, but

only on an irregular and small portion of the farm in section eleven. The description would at least provide an interested party with actual knowledge of facts sufficient to put the party on inquiry notice.

We also note that any interested party could determine from the county recorder's tract index that the county recorder treated the lis pendens as if it covered the entire Peterson farm, including all 160 acres in section eleven.

■ HM & M argues that it cannot be charged with constructive notice of how the county recorder entered the notice of lis pendens on its tract index. HM & M correctly asserts that tract indexes are not statutorily required and a purchaser is not charged with notice of entries not required by law. *See Ahern v. Freeman*, 46 Minn. 156, 159, 48 N.W. 677, 678 (1891). If a county chooses to maintain a tract index, however, the county is required by law to make accurate and appropriate entries and the tract index is part of the record of which a purchaser is charged constructive notice. *See* Minn.Stat. § 386.05 (1984).

In conclusion, we believe the trial court properly determined that HM & M had constructive notice of Myrtle Starry's pending claim and took title to the property subject to the outcome of the Starry Construction litigation.[1]

### III.

■ HM & M asserts that the trial court erred in taking judicial notice of the typographical error in the notice of lis pendens. We agree with HM & M that a typographical error in a notice of lis pendens is not the kind of fact of which a court can normally take judicial notice. *See Lickfett v. Jorgenson*, 179 Minn. 321, 324, 229 N.W. 138, 139 (1930) (judicial notice may be taken of facts which are the "common knowledge of every person of ordinary

intelligence") (cited in *National Recruiters, Inc. v. Toro Co.*, 343 N.W.2d 704, 708 (Minn.Ct.App.1984)). We believe the trial court inaccurately labeled its finding of a typographical error as "judicial notice." However, the trial court was simply making a finding of fact that was obvious and apparent from the record, and firmly supported by that record. We find no reversible error.

### DECISION

We affirm the trial court's award of summary judgment in favor of Myrtle Starry.

Affirmed.

---

1. On appeal, HM & M appears to assert that it should have been allowed to present its argument to the court at the post-trial motion in the Starry Construction litigation. HM & M did not, however, have any interest in that litigation. It bought the Peterson farm after a notice of lis pendens was filed and so it took subject to the final disposition of the Starry Construction action and is bound by the decision entered in that action, even though it was not a party to that action. *See Marr v. Bradley*, 239 Minn. 503, 510, 59 N.W.2d 331, 335 (1953).