# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 06-6069MN

_____

In re:                                              *
                                                    *
Raymond Vondall and                                 *
Charlotte M. Vondall,                               *
                                                    *
          Debtors.                                  *
                                                    *
Dwight R. J. Lindquist, Chapter 7                   *
Trustee of the bankruptcy estate of                 *        Appeal from the United States
Raymond J. Vondall and                              *        Bankruptcy Court for the
Charlotte M. Vondall,                               *        District of Minnesota
                                                    *
          Plaintiff - Appellee,                     *
                                                    *
               v.                                   *
                                                    *
Household Industrial Finance Co.,                   *
                                                    *
          Defendant - Appellant.                    *

_____

Submitted: February 15, 2007
Filed: March 16, 2007

_____

Before SCHERMER, FEDERMAN, and VENTERS, Bankruptcy Judges.

_____

VENTERS, Bankruptcy Judge.

Household Industrial Finance Co. ("Household") appeals the bankruptcy court's order granting summary judgment in favor of Dwight R. J. Lindquist, the chapter 7

trustee of the Debtors' bankruptcy estate,[1] avoiding Household's purported mortgage on the Debtors' homestead. For the reasons set forth below, we affirm the decision of the bankruptcy court.[2]

## I. STANDARD OF REVIEW

We review findings of fact for clear error and conclusions of law *de novo*.[3] The issue of whether a trustee may avoid a defective mortgage under 11 U.S.C. § 544 is a mixed question of law and fact which is also subject to *de novo* review.[4]

## II. BACKGROUND

The facts are undisputed. The Debtors' homestead is correctly legally described as "Lot 13, Block 3, West River Estates Abstract Property." On October 24, 2003, the Debtors executed a note and mortgage in favor of Household. The mortgage incorrectly stated the legal description of the property as "Lot <u>B</u>, Block 3, West River Estates, Abstract Property. Tax Map or Parcel ID No. 36-118-21-21-0102" (emphasis added). Household recorded its mortgage on November 19, 2003. Due to the incorrect legal description, Household's mortgage appears only in the Hennepin County grantor-grantee index; the tract index contains no record of Household's mortgage.

The Debtors filed a voluntary chapter 7 Petition on November 21, 2005. Dwight Lindquist was appointed as the trustee ("Trustee"). On April 21, 2006, he

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(b).

[2] The Honorable Robert J. Kressel, United States Bankruptcy Judge for the District of Minnesota.

[3] *Kelly v. Jeter* (*In re Jeter*), 257 B.R. 907, 909 (B.A.P. 8th Cir. 2001).

[4] *In re Stephens*, 276 B.R. 610, 613 (B.A.P. 8th Cir. 2002) ("Mixed questions of law and fact are subject to plenary review."). *See also*, *Loehrer v. McDonnell Douglas Corp.*, 98 F.3d 1056, 1061 (8th Cir. 1996).

filed a complaint seeking, *inter alia*, to avoid Household's mortgage under 11 U.S.C. § 544. On the Trustee's motion for summary judgment, the bankruptcy court found in favor of the Trustee and avoided Household's mortgage. Household timely appealed.

## III. DISCUSSION

The bankruptcy court granted the Trustee's request to avoid Household's mortgage under 11 U.S.C. § 544(a)(3), which provides:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by a bona fide purchaser of real property, . . . whether or not such a purchaser exists.

Minnesota law permits a bona fide purchaser ("BFP") to avoid prior conveyances that have not been recorded in accordance with the law.[5] A BFP is one who in good faith pays value for an interest in property without actual, constructive, or implied notice of the inconsistent, outstanding rights of others.[6]

Constructive notice of a mortgage arises as a presumption of law from the existence of a properly recorded instrument.[7] Constructive notice is strictly limited

---

[5] Minn. Stat. § 507.34. ("Every conveyance of real estate shall be recorded in the office of the county recorder of the county where such real estate is situated, and every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith and for a valuable consideration for the same real estate, or any part thereof, whose conveyance is first duly recorded.").

[6] *See Chergosky v. Crosstown Bell, Inc.*, 463 N.W.2d 522, 524 (Minn. 1990); *Miller v. Hennen*, 438 N.W.2d 366, 370 (Minn. 1989).

[7] *Chaney v. Minneapolis Community Development Agency*, 641 N.W.2d 328, 333 (Minn. Ct. App. 2002).

to what is set forth on the face of a mortgage. A mortgage containing a defective legal description does not provide constructive notice to subsequent purchasers unless the subject property can be determined with reasonable certainty[8] or the defect is apparent on the face of the mortgage.[9]

Implied notice differs from constructive notice in that, "[it] relates to what one can learn by reasonable inquiry. It arises from actual notice of the circumstances, and not from constructive notice."[10] Implied notice charges a person with notice of everything that he could have learned by inquiry where there is sufficient actual notice to put him on guard and excite attention.[11]

The bankruptcy court found that the defect in the legal description was not apparent on the face of Household's mortgage so the mortgage did not provide constructive or implied notice of Household's purported interest in the Debtors' homestead. Therefore, the court concluded, the Trustee qualifies as a BFP under Minnesota law and may avoid Household's mortgage under § 544(a)(3).

Household asserts the bankruptcy court erred in finding that the Trustee qualified for BFP status with regard to Household's asserted interest in the Debtors' homestead for three reasons. First, Household argues that a hypothetical purchaser would have had actual knowledge of Household's mortgage because it appeared in the Hennepin County grantor-grantee index (which Household says is the "official index of Hennepin County"). Second, Household contends that there was constructive and

---

[8] *Bailey, et al., v. Galpin*, 41 N.W. 1054, 1055-56 (Minn. 1889).

[9] *Howard, McRoberts & Murray v. Starry,* 382 N.W.2d 293, 296 (Minn. Ct. App. 1986).

[10] *Charles v. Roxana Petroleum Corp.*, 282 F. 983, 988-89 (8th Cir. 1922).

[11] *Id.* at 989.

4

implied notice of its mortgage because lots in Minnesota are described by numbers, not letters, so the error was obvious on the face of the mortgage and would have triggered a duty to investigate what was intended. In its reply, Household further asserts that the defect in the mortgage was obvious also because only "outlots" are described by letters, and the lot in question was "indisputably" an "in-lot." Third, Household argues that there was implied notice of its mortgage because the tax parcel I.D. listed in the mortgage's legal description is accurate and, if further inquiry was made of the county treasurer's records, a hypothetical purchaser would have found the correct legal description.

Although Household's first contention is founded on the arguably sound premise that a mortgage may be "properly recorded" if it can be found in the grantor-grantee index, which appears to be "statutorily required,"[12] versus a tract index which may be optional,[13] it overlooks the fact that the mortgage indexed there does not accurately describe the Debtors' property. Unless the defect in the property description is apparent – which fact bears directly the issue of whether the mortgage provides constructive or implied notice of Household's interest in the property – the presence of the mortgage on the grantor-grantee index is irrelevant and without any legal effect. Regardless of where Household's mortgage was found, the legal description was incorrect. Thus, Household's first contention is without merit.

Household's second argument – that the defect was apparent on the face of the mortgage – appeared to have some merit until, that is, Household filed its reply brief. Household initially argued that all lots in Minnesota are numbered so the fact that Household's mortgage identified the lot by a letter ("B") was an apparent defect.

---

[12] *Starry*, 382 N.W.2d at 297.

[13] *Id.*

5

And on those facts, the Minnesota Supreme Court case of *Bank of Ada v. Gullikson*[14] solidly supports Household's argument.[15] The mortgage at issue in *Bank of Ada* showed "lots numbered (6) and (seven) in block numbered thirteen (13) in the First addition to the town (now village) of Ada . . ." However, there was no block 13 in the First addition to the town of Ada. The blocks in the "First addition" began at number 21; blocks 1 to 20 were located in the original plat. The Minnesota Supreme Court held:

> Conceding that *a person reading the description would be charged with notice that there was no block 13 in the First addition*, yet it does not, as we have suggested, charge him with notice that the mistake was in locating the lots in the wrong plat, and not in the wrong block or village.[16]

Two propositions flow from *Ada's* holding: 1) a purchaser of land may be charged with knowledge of a defect arising from an impossible legal description, but 2) that defect will not be considered apparent unless it can be resolved in only one way.

In this case, it initially appeared that the defect in the legal description in Household's mortgage could only have been attributable to the lot reference, and, thus, be an apparent defect under *Ada*. But in its reply brief, Household undermined

---

[14] 66 N.W. 131 (Minn. 1896).

[15] Our analysis diverges from the bankruptcy court's on this point; the bankruptcy court found that *Bank of Ada* did not support Household's position. We are free, however, to affirm the bankruptcy court's order on other grounds. *Power Equip. Co. v. Case Credit Corp.* (*In re Power Equip. Co.*), 309 B.R. 552, 559 (B.A.P. 8th Cir. 2004) (appellate court may affirm on any basis supported by the record, even if that ground was not considered by the trial court).

[16] *Id*. at 132 (emphasis added).

its position when it pointed out that in Minnesota "outlots" are designated by letters and "in-lots" are numbered. Household's likely point in raising this fact was that the defect in its mortgage was apparent because the Trustee would have had actual knowledge that the property at issue in this case is "indisputably" an in-lot. However, the Trustee's actual knowledge of the property is irrelevant under §544, so not only does this argument fail, but the revelation that lots in Minnesota may be designated by numbers or letters precludes a finding that Household's mortgage is facially defective.

Household's final argument – that the Trustee had implied notice of the defect in its mortgage because further inquiry into the tax parcel I.D. number, which correctly identified the property, would have revealed the true identity of the mortgaged property – also fails as a result of our determination that the reference to Lot "B" is not facially defective. In short, if there is nothing on the face of a mortgage to alert a purchaser that the property description is defective, then there is nothing on the face of the mortgage to trigger a duty of further inquiry.

In summary, Household's arguments are not persuasive. The bankruptcy court correctly determined that the mortgage was defective and could be avoided by the Trustee under 11 U.S.C. §544.

## IV. CONCLUSION

For the reasons stated above, we affirm the decision of the bankruptcy court.

---