# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 07-6056

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Michael Frances Stradtmann and | * | |
| Deddra Faye Stradtmann | * | |
| | * | |
| Debtors. | * | |
| | * | |
| Ameriquest Mortgage Company, | * | |
| | * | |
| Plaintiff - Appellant | * | |
| | * | |
| v. | * | |
| | * | |
| Michael Frances Stradtmann, Jane | * | |
| Roe Stradtmann, Deddra Faye | * | Appeal from the United States |
| Stradtmann, and John Doe, | * | Bankruptcy Court for the District |
| | * | of Minnesota |
| Defendants, | * | |
| | * | |
| Dorraine Ann Larison, as Trustee of | * | |
| the Bankruptcy Estate of Michael F. | * | |
| Stradtmann and Deddra Faye | * | |
| Stradtmann; United States of America, | * | |
| Internal Revenue Service, | * | |
| | * | |
| Defendants - Appellees | * | |
| | * | |
| State of Minnesota, Department of | * | |
| Revenue; James A. Franklin, doing | * | |
| business as Franklin Outdoor | * | |
| Advertising Company; Jane Doe; | * | |
| John Roe; Fresh Start Capital, LLC, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: June 18, 2008
Filed: June 30, 2008

_____

Before SCHERMER, MAHONEY and VENTERS, Bankruptcy Judges.

_____

VENTERS, Bankruptcy Judge.

Ameriquest Mortgage Company ("Ameriquest") appeals the bankruptcy court's order avoiding Ameriquest's purported mortgage on the Debtors' homestead.[1] For the reasons set forth below, we affirm the judgment of the bankruptcy court.[2]

## I. STANDARD OF REVIEW

We review the bankruptcy court's grant of summary judgment *de novo*, applying the same standard used by the bankruptcy court and viewing the evidence in the light most favorable to the non-movant, Ameriquest.[3] Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.[4]

---

[1] The Honorable Nancy C. Dreher, United States Bankruptcy Judge for the District of Minnesota.

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 158(b).

[3] *Ries v. Wintz Properties, Inc.* (*In re Wintz Cos.*), 230 B.R. 848, 857 (B.A.P. 8th Cir. 1999) (citing *Peter v. Wedl*, 155 F.3d 992, 996 (8th Cir. 1998)).

[4] Fed. R. Civ. P. 56(c), made applicable in bankruptcy cases by Fed. R. Bankr. P. 7056; *Williams v. Marlar* (*In re Marlar*), 252 B.R. 743, 750 (B.A.P. 8th Cir. 2000) (citing *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997)).

## II. BACKGROUND

The facts are straightforward and undisputed.

On May 7, 2004, the Debtors executed and delivered to Ameriquest a mortgage ("Mortgage") to secure a $183,000 promissory note in favor of Ameriquest. The Debtors and Ameriquest intended for the Mortgage to encumber the Debtors' homestead in Stearns County, Minnesota. The Mortgage correctly stated the common address of the Debtors' homestead as 830 Chinook Avenue Southwest, Avon, Minnesota, but the legal description in the Mortgage described an entirely different piece of property – one that the Debtors had previously owned but had lost as a result of a previous foreclosure. Ameriquest recorded the Mortgage containing the incorrect legal description on May 20, 2004.

On October 28, 2004, the Internal Revenue Service ("I.R.S.") filed with the Stearns County Recorder of Deeds three notices of tax lien.

On May 16, 2005, the Debtors filed for protection under Chapter 7 of the Bankruptcy Code. Dorraine Ann Larison was appointed as the trustee of the Debtors' bankruptcy estate.

On August 4, 2006, Ameriquest sought relief from the automatic stay in the Debtors' bankruptcy case to commence a state-court action to reform the Mortgage to replace the incorrect legal description with the legal description of the property the Debtors had intended to encumber. Notably, Ameriquest represented in its motion that:

> Ameriquest is not adequately protected because it cannot foreclose its interest. Debtors remain in default, which has not been disputed. Indeed, this Court has already granted relief from stay for Ameriquest to foreclose the Mortgage. *But such a foreclosure cannot occur because of the legal description attached to the Mortgage.* These circumstances

3

entitle Ameriquest to relief from the automatic stay in order to commence an action to reform the Mortgage.[5]

The bankruptcy court granted Ameriquest relief from the stay to proceed with its state court action, but the Trustee promptly removed the action to the bankruptcy court and filed a counterclaim seeking to avoid Ameriquest's apparently defective Mortgage under 11 U.S.C. § 544. The I.R.S. also filed a counterclaim, seeking a determination that the tax liens it recorded on October 28, 2004, are superior to the Mortgage.

On July 25, 2007, the bankruptcy court held a hearing on the competing motions for summary judgment filed by Ameriquest, the Trustee, and the I.R.S. At the conclusion of the hearing, the Bankruptcy Court orally ruled that Ameriquest's Mortgage was avoidable under § 544; that the interest avoided was preserved for the benefit of the estate, to be administered by the Trustee; and that the I.R.S.'s tax liens were superior to the interests of the Trustee. Accordingly, the bankruptcy court denied Ameriquest's motion for summary judgment and granted the Trustee's and the I.R.S.'s motions for partial summary judgment. Ameriquest timely appealed.[6]

---

[5] *In re Stradtmann*, Case No. 05-43229, Bankr. D. Minn., Docket No. 20 at pp. 1-2 (emphasis added).

[6] In this appeal, neither the Trustee nor Ameriquest has challenged the bankruptcy court's ruling that the I.R.S.'s liens are superior to the Mortgage based on the "choateness" doctrine. (Essentially, under this doctrine, another lien cannot compete with a federal tax lien unless the competing lien is capable of being summarily enforced, *i.e.*, "choate.") Despite the absence of an explicit challenge to this ruling, we find that the bankruptcy court ruling on this issue is correct and should be affirmed. *See Samco Mortgage Corp. v. Keehn*, et al, 721 F.Supp. 1209 (D. Wyo. 1989) (finding that I.R.S. tax lien trumped a mortgage that was filed before the I.R.S. lien was filed but that contained an erroneous legal description in need of reformation).

4

## III. DISCUSSION

The analysis in this case closely tracks the analysis applied in *Lindquist v. Household Industrial Finance Co. (In re Vondall)*,[7] a case decided by the bankruptcy court for the District of Minnesota in 2006, affirmed by the Bankruptcy Appellate Panel in 2007, and affirmed again by the Eighth Circuit Court of Appeals in June 2008. It is due to the similarity of this case to *Vondall* that we (with the consent of the parties) withheld ruling on this case until the Court of Appeals ruled on the *Vondall* appeal. As the parties might have expected, the summary affirmance of *Vondall* supports the affirmance of the bankruptcy court in this case.

The Trustee's counterclaim to Ameriquest's mortgage reformation action seeks to avoid Ameriquest's mortgage under 11 U.C.C. § 544(a)(3). Section 544(a)(3) provides that "the trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by . . . a bona fide purchaser of real property . . . whether or not such a purchaser exists." The rights and definition of a bona fide purchaser are determined by state law.[8]

Under Minnesota law, a bona fide purchaser of real property may avoid prior conveyances that have not been recorded in accordance with the law.[9] A bona fide

---

[7] 2008 WL 2264608 (8th Cir. June 4, 2008), *aff'g* 364 B.R. 668 (B.A.P. 8th Cir. 2007), *aff'g* 352 B.R. 193 (Bankr. D. Minn. 2006) ("*Vondall*").

[8] *In re Marlar*, 252 B.R. 743, 752 (B.A.P. 8th Cir.2000).

[9] Minn. Stat. § 507.34 ("Every conveyance of real estate shall be recorded in the office of the county recorder of the county where such real estate is situated, and every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith and for a valuable consideration for the same real estate, or any part thereof, whose conveyance is first duly recorded.").

purchaser is one who in good faith pays value for an interest in property without actual, constructive, or implied notice of the inconsistent, outstanding rights of others.[10] Section 544 specifically excludes from consideration a trustee's actual notice of a creditor's interest, so the determination of whether a trustee qualifies as a bona fide purchaser turns on whether there is constructive or implied notice of the creditor's interest. In this case, the Mortgage did not provide either constructive or implied notice of Ameriquest's interest in the Debtors' homestead.

Constructive notice of a mortgage arises as a presumption of law from the existence of a properly recorded instrument.[11] A mortgage containing a defective legal description does not provide constructive notice to subsequent purchasers unless the subject property can be determined with reasonable certainty[12] or the defect is apparent on the face of the mortgage.[13] A facial defect is apparent if it renders the legal description "impossible" and it can be cured in only one way.[14] An apparent

---

[10] *See Chergosky v. Crosstown Bell, Inc.*, 463 N.W.2d 522, 524 (Minn. 1990); *Miller v. Hennen*, 438 N.W.2d 366, 370 (Minn. 1989).

[11] *Chaney v. Minneapolis Community Development Agency*, 641 N.W.2d 328, 333 (Minn. Ct. App. 2002).

[12] *Bailey, et al., v. Galpin*, 41 N.W. 1054, 1055-56 (Minn. 1889) ("[W]here the deed or record, in addition to a correct or sufficient description, contains false particulars, the rule is, if there are certain particulars once sufficiently ascertained, which designate the thing intended to be granted, the addition of a circumstance, false or mistaken, will not vitiate the grant.") (citations omitted).

[13] *In re Vondall*, 352 B.R. at 198 (citing *Howard, McRoberts & Murray v. Starry,* 382 N.W.2d 293, 296 (Minn. Ct. App. 1986)).

[14] *Id.* at 198 (declining to find that a legal description was apparent where the defect in the mortgage – an apparently non-existent lot designation – could also be attributed to incorrect block or plat designation); *Bank of Ada v. Gullikson*, 66 N.W. 131, 132(Minn. 1896) (holding that a mortgage containing a nonsensical addition designation did not provide constructive notice to subsequent judgment

defect also gives rise to implied notice which charges a person with notice of everything he could have learned by further inquiry into the circumstances.[15]

Ameriquest argues that the defect in the Mortgage is apparent because the legal description conflicts with the tax identification number and the common address noted on the mortgage.[16] However, under *Vondall*, a conflict between a tax identification number and a legal description is not considered apparent.[17] "[I]f there is nothing on the face of a mortgage to alert a purchaser that the property description is defective, then there is nothing on the face of the mortgage to trigger a duty of further inquiry (to determine whether a legal description conflicts with the tax identification number)."[18] Here, there was nothing on the face of the Mortgage to alert a purchaser that the property description was defective. To the contrary, the property description in the Mortgage did not contain any defects. It may have described an entirely different piece of property, but the description itself was complete and accurate.

Ameriquest attempts to distinguish *Vondall* on the basis that the mortgage in *Vondall* did not contain a common address, whereas the mortgage here does. The attempted distinction fails. An address is no more immutable than a tax identification number and, more important, the rationale the *Vondall* Panel used to analyze conflicts

---

creditors because it was impossible to tell from the face of the mortgage whether the legal description misstated the plat, block, or addition).

[15] *See Miller v. Hennen*, 438 N.W.2d 366, 369 (Minn. 1989).

[16] The record suggests that the tax identification number noted in the Mortgage no longer corresponds to the Debtors' homestead; however, for purposes of our *de novo* review of the parties' motions for summary judgment, we will assume that the tax identification number corresponds to the Debtors' homestead.

[17] *In re Vondall*, 364 B.R. at 672-673.

[18] *Id*.

7

between a legal description and a tax identification number applies with equal force to conflicts between a legal description and a common address. If there is nothing in the property description to trigger a duty of further inquiry, then a conflict between the legal description and the common address is not apparent, and therefore does not trigger constructive or implied notice.

In the absence of an apparent defect on the face of Ameriquest's Mortgage, the Trustee had neither constructive nor implied notice of the Mortgage. Therefore, it is avoidable under § 544.

Ameriquest also argues that notice of its Mortgage should be imparted to the Trustee because the Mortgage was "properly" recorded in, and discoverable by a search of, the grantor-grantee index or the tract index. This argument, which was also made (and rejected) in *Vondall*, fails to appreciate that notice of Ameriquest's interest in one piece of property – *i.e.*, the Debtors' homestead – does not arise from the existence of a defective mortgage purporting to encumber an entirely different parcel of property. It is simply not enough that a person searching the Stearns County real estate record indices (grantor-grantee or tract) would find a mortgage between the Debtors and Ameriquest. Unless there is an apparent error on the face of the Mortgage, the only notice given is that the Debtors granted Ameriquest a mortgage on property they no longer owned.

## IV. CONCLUSION

For the reasons stated above, we affirm the decision of the bankruptcy court granting partial summary judgment in favor of the Trustee and the Internal Revenue Service.

---