**In re Ronald F. and Barbara T. STEPKA, Debtors.**

**Michael J. Iannacone, Trustee, Plaintiff,**

**v.**

**Household Industrial Finance Company, and Ronald F. and Barbara T. Stepka, Defendants.**

**Bankruptcy No. BKY 09–31093.**
**Adversary No. 09–3100.**

United States Bankruptcy Court, D. Minnesota.

March 15, 2010.

Paul Ross, Ross & Associates, P.A., Shakopee, MN, for Debtors.

Michael J. Iannacone, Lake Elmo, MN, pro se.

## ORDER GRANTING SUMMARY JUDGMENT

DENNIS D. O'BRIEN, Bankruptcy Judge.

At St. Paul, Minnesota.

This matter came before the Court on motion by the debtor-defendants seeking summary judgment against the Chapter 7 trustee's complaint to avoid a transfer of real property and preserve it for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §§ 550, 551, and 554(a)(3). The trustee filed a response seeking summary judgment in his favor, and defendant Household Industrial Finance Company (HIFC) filed a response in opposition to the debtors' motion.

Paul Ross appeared on behalf of the debtor-defendants Ronald and Barbara Stepka; Jane Welch appeared on behalf of HIFC; and Michael J. Iannacone appeared on behalf of himself as Chapter 7 trustee. At the conclusion of the hearing, the Court took the matter under advisement. Being now fully advised, the Court makes this Order pursuant to the Federal and Local Rules of Bankruptcy Procedure.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if, "after giving the non-moving party the benefit of all reasonable inferences, 'there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.'" *See Contemporary Industries Corp. v. Frost,* 564 F.3d 981, 984 (8th Cir.2009), citing *Tudor Oaks Ltd. P'ship v. Cochrane (In re Cochrane),* 124 F.3d 978, 981 (8th Cir.1997). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* Fed.R.Civ.P. 56(c).

## II. FINDINGS OF FACT

The material facts in this case are not disputed. Ronald F. Stepka and Barbara T. Stepka filed a voluntary bankruptcy petition under Chapter 7 on February 25, 2009. Michael J. Iannacone, the plaintiff, is the duly appointed, qualified and acting trustee of the Stepkas' bankruptcy estate. The Stepkas listed themselves as owners of certain real property located in Scott County, Minnesota at 803 Philipp Park-

way, New Prague, Minnesota, legally described as Lot 2, Block 1, Heritage Estates Subdivision No. 3, Scott County, Minnesota (803 Philipp Parkway). The Stepkas acquired their interest in 803 Philipp Parkway on September 29, 2003.

On January 24, 2005, the Stepkas refinanced, and in consideration for a loan in the amount of $323,218.42, from HIFC to the Stepkas, the Stepkas granted a mortgage interest in favor of HIFC in the Stepkas' home located at 803 Philipp Parkway, New Prague, MN, and legally described as, Lot 2, Block 1, Heritage Estates Subdivision No. 3, Scott County, Minnesota. The 2005 HIFC loan satisfied the purchase money loan and mortgage with Wells Fargo, paid in the amount of $246,640.92. The Truth—in—Lending Disclosure lists Wells Fargo as being paid from the 2005 Household Mortgage. The Borrower's Notice of Payment, Satisfaction of Loan/Estoppel/Cancellation of Credit Line also references the Wells Fargo Home Mortgage Loan No. 0132868894 which loan number is also typed on the Wells Fargo Mortgage.

The mortgage that the Stepkas gave to HIFC for the loan contained an incorrect legal description for the property. The mortgage described the property subject to the mortgage as Lot 1, Block 1, Heritage Estates Subdivision No. 3, instead of Lot 2, Block 1, Heritages Estates Subdivision No. 3, Scott County, Minnesota. The property Tax Identification number contained on the mortgage is the correct Tax ID for the property. All of the other documents executed in conjunction with the closing of the loan are consistent with a voluntary transfer of an interest in the property to HIFC, including a waiver of the right to claim the property as exempt if the loan is in default.

The HIFC Loan Repayment and Security Agreement lists the borrowers (the Stepkas) and their address 803 Philipp Parkway, New Prague, Minnesota, and includes the following statement on the first page: "You are giving us a security interest in the real estate located at the above address." Many other documents executed by the parties also clearly and correctly identify the property, including the HUD–1A Settlement Statement required for all residential lending transactions, Borrower's Notice of Payment, Satisfaction of Loan/Estoppel/Cancellation of Credit Line, Good Faith Estimate for the 2005 loan, and the Notice of Right to Cancel.

Moreover, the 2005 mortgage contains the following statements and representations made by the Stepkas: "I understand that some or all of the real estate normally protected by law from the claims of creditors, and I voluntarily give up my right to that protection for the above-listed property with respect to claims arising out of this contract," and "Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record.... Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record."

The Stepkas borrowed money in 2005 and 2006 [1] from HIFC. On March 16, 2006, they borrowed $43,749.34 from HIFC which was secured by a mortgage of that date on Lot 1, Block 1, Heritage Estates Subdivision No. 3, Scott County, Minneso-

---

1. The 2006 Household Mortgage contains essentially all the same data as the 2005 documents, including the same incorrect legal description, and the same statements by the Stepkas securing the 2006 loan by granting a mortgage lien to HIFC on property over which they claimed ownership.

ta, and which mortgage was recorded on April 7, 2006, in the Office of the Scott County Recorder as Document No. A 734856. Because of the erroneous description of the lot as Lot 1, instead of Lot 2 which was actually owned by the Stepkas, HIFC was unable to properly perfect and record its mortgages against Lot 2, Block 1, Heritage Estates Subdivision No. 3, Scott County, Minnesota.

The trustee commenced this lawsuit to avoid the mortgages and preserve the property for the benefit of the estate under 11 U.S.C. §§ 544, 547, 550 and 551. The Stepkas contend that because the mortgage executed in favor of HIFC contained a legal description for property they did not own, no transfer occurred that can be avoided by the trustee, and that they should be able to claim $300,000 in value in the property as exempt homestead. For the reasons set forth below, summary judgment in favor of the trustee is appropriate.

## III.  DISCUSSION

Section 541 describes property of the estate as "all of the following property, wherever located and by whomever held: (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case." *See* 11 U.S.C. § 541.

While the mortgages at issue in this matter are technically defective for the erroneous legal description of the property involved, the Stepkas unequivocally owned the property in question at the time of filing and at the time of the conveyances, and they intended in 2005 and 2006 to voluntarily transfer a secured interest in that property to HIFC as a result of those mortgage refinance loan transactions. The only question before the Court is whether, as a matter of law, the trustee is able to avoid the unperfected mortgages and preserve the interest in the property for the benefit of the bankruptcy estate. Section 544  provides, in pertinent part:

§ 544.  Trustee as lien creditor and as successor to certain creditors and purchasers

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

*See* 11 U.S.C. §  544(a)(3).

The Eighth Circuit BAP decision in *In re Vondall,* 364 B.R. 668 (8th Cir. BAP 2007) is controlling.  In *Vondall,* the bankruptcy trustee sued the lender pursuant to 11 U.S.C. § 544 to avoid a mortgage recorded with an incorrect legal description. The BAP affirmed the bankruptcy court holding "that the defect in the legal description was not apparent on the face of Household's mortgage so the mortgage did not provide constructive or implied notice of Household's purported interest in the Debtors' homestead." *Vondall,* 364 B.R. at 671.

"Therefore, the court concluded, the Trustee qualifies as a BFP under Minnesota law and may avoid Household's mortgage under § 544(a)(3)." *Id.* The Court found that the erroneous description of the property to be mortgaged rendered the mortgage ineffective to give notice to a

bona fide purchaser, such as the trustee acting under 11 U.S.C. § 544(a)(3).[2] "In short, if there is nothing on the face of a mortgage to alert a purchaser that the property description is defective, then there is nothing on the face of the mortgage to trigger a duty of further inquiry." *Vondall,* 364 B.R. at 673. In the matter presently before the Court, the trustee is entitled as a matter of law to avoid the HIFC mortgages pursuant to § 544(a)(3).

■ In this case, both HIFC and the Stepkas intended the 2005 and 2006 mortgages to encumber the Stepkas' interest in their homestead property. No party has claimed otherwise. However, while the typographical error in the legal description created recording problems and prevented perfection, there is no question that the Stepkas intended to transfer and did transfer an interest in the property to HIFC in consideration for the refinance loans.[3] Accordingly, the transfer having been voluntary, there is no basis for the Stepkas to claim a homestead exemption in the property pursuant to 11 U.S.C.

§ 522(g).[4] Section 522(h) is likewise inapplicable in this case.[5]

## IV. DISPOSITION

IT IS HEREBY ORDERED:

1. The debtor-defendants' motion for summary judgment is DENIED;

2. The Chapter 7 trustee's motion for summary judgment is GRANTED;

3. The transfer from debtors Ronald F. and Barbara T. Stepka of an interest in Lot 2, Block 1, Heritage Estates Subdivision No. 3, to Household Industrial Finance Company, is avoided and preserved for the benefit of the bankruptcy estate in main case BKY 09–31093, pursuant to 11 U.S.C. §§ 550 and 551;

4. The 2005 mortgage recorded as Document No. A 687439, filed in the Office of the Scott County Recorder on February 1, 2005, is avoided by the trustee pursuant to 11 U.S.C. § 554(a)(3), and the trustee's interest in Lot 2, Block 1, Heritage Estates Subdivision No. 3,

**2.** "Minnesota law permits a bona fide purchaser to avoid prior conveyances that have not been recorded in accordance with the law." *Vondall,* 364 B.R. at 670–671, citing Minn.Stat. § 507.34. "A BFP is one who in good faith pays value for an interest in property without actual, constructive, or implied notice of the inconsistent, outstanding rights of others." *Vondall,* 364 B.R. at 671, citing *Chergosky v. Crosstown Bell, Inc.,* 463 N.W.2d 522, 524 (Minn.1990); *Miller v. Hennen,* 438 N.W.2d 366, 370 (Minn.1989).

**3.** The Stepkas' statute of frauds argument is misguided and in applicable here. All but one reference to the property in the mortgage loan transaction documents identified the property accurately.

**4.** Section 522(g) provides: (g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor

could have exempted such property under subsection (b) of this section if such property had not been transferred, if—(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and (B) the debtor did not conceal such property; or (2) the debtor could have avoided such transfer under subsection (f)(1)(B) of this section. *See* 11 U.S.C. § 522(g).

**5.** Section 522(h) provides: (h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and (2) the trustee does not attempt to avoid such transfer. *See* 11 U.S.C. § 522(h).

Scott County, Minnesota, as a bona fide purchaser, is preserved as superior to the interests of Household Industrial Finance Company and debtors Ronald F. and Barbara T. Stepka;

5. The March 16, 2006, mortgage recorded as Document No. A 734856, filed in the Office of the Scott County Recorder on April 7, 2006, is avoided by the trustee pursuant to 11 U.S.C. § 554(a)(3), and the trustee's interest in Lot 2, Block 1, Heritage Estates Subdivision No. 3, Scott County, Minnesota, as a bona fide purchaser, is preserved as superior to the interests of Household Industrial Finance Company and debtors Ronald F. and Barbara T. Stepka; and

6. The property legally described as "Lot 2, Block 1, Heritage Estates Subdivision No. 3, Scott County, Minnesota" is property of the bankruptcy estate in main case BKY 09–31093.

LET JUDGMENT BE ENTERED ACCORDINGLY.